[No. 22099-3-I. Division One. December 4, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT DANFORTH, *Appellant*.

*Jesse W. Barton* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Denis O'Leary, Deputy*, for respondent.

SWANSON, J.—The defendant, Robert Danforth, appeals his conviction on two counts of communications with a minor for immoral purposes under RCW 9.68A.090.

On October 5, 1987, an information was filed charging Danforth with two counts of communicating with a minor for immoral purposes in violation of former 9.68A.090.[1] Count 1 involved communication with a 16–year–old male

---

[1] "**9.68A.090 Communication with minor for immoral purposes.** (1) A person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor, unless that person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state, in which case the person is guilty of a class C felony punishable under chapter 9A.20 RCW.

"(2) As used in this section, "minor" means a person under eighteen years of age."

and count 2 involved communication with a 17–year–old male. In each case, the communication involved asking the minors to participate in group sexual activity.

A bench trial was conducted January 6 and 7, 1988. At the conclusion of the trial, Danforth's attorney moved to dismiss on the basis that RCW 9.68A.090 is unconstitutionally vague. The court denied the motion and found Danforth guilty as charged on both counts. This appeal timely followed.

## VAGUENESS

Danforth contends that RCW 9.68A.090 is unconstitutionally vague as applied to the facts of his case.

The question of whether a prior version of this statute was unconstitutionally vague on its face was addressed in *State v. Schimmelpfennig*, 92 Wn.2d 95, 102, 594 P.2d 442 (1979). The vagueness standard applied there was whether persons of common intelligence and understanding were given fair notice of the conduct prohibited, and ascertainable standards by which to guide their conduct. *Schimmelpfennig*, 92 Wn.2d at 102. In construing the statute, the court found that the scope of the statutory prohibition was "limited by its context and wording to communication for the purposes of sexual misconduct" and, thus, was not unconstitutionally vague on its face. *Schimmelpfennig*, 92 Wn.2d at 102. The court then continued, at page 103, stating that

> any person of common understanding, contemplating asking a small child to climb into a van and engage in sexual activities need not guess as to the proscription and penalties of the statute.

■ Danforth, however, does not allege that RCW 9.68A.090 is wholly unconstitutional on its face; rather, he alleges that the statute is unconstitutionally vague as applied to his conduct.

> Although the actual conduct of defendant is irrelevant when a statute is alleged to be unconstitutional on its face, the conduct of defendant is relevant when it is alleged that the statute is unconstitutional only in part, or the court, although not finding the statute to be unconstitutionally vague on its face,

finds the statute to be potentially vague as to some conduct. In such cases, the court must look to defendant's conduct to determine whether the statute, as applied to that conduct, is unconstitutional. *Bellevue v. Miller,* [85 Wn.2d 539, 536 P.2d 603 (1975)]. This is because while a statute may be vague or potentially vague as to some conduct, the statute may be constitutionally applied to one whose conduct clearly falls within the constitutional "core" of the statute. *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979).

*State v. Hood,* 24 Wn. App. 155, 158, 600 P.2d 636 (1979). Here, RCW 9.68A.090 is unconstitutionally vague as applied to Danforth's conduct because his conduct does not clearly fall within the constitutional "core" of the statute as defined by the Legislature.

The phrase "immoral purposes" would be too vague under constitutional standards if it were read in a vacuum. *See State v. Carter,* 89 Wn.2d 236, 240–41, 570 P.2d 1218 (1977). However, when this phrase is read in context with RCW 9.68A, it clearly provides persons of common intelligence and understanding with fair notice of and ascertainable standards of the conduct sought to be prohibited. This is the constitutional "core" of RCW 9.68A.090. The constitutional "core" of conduct prohibited by RCW 9.68A.090 is communication for purposes of sexual exploitation and abuse of children as provided for in RCW 9.68A. This chapter prohibits conduct relating to the sexual exploitation and abuse of children as it regards sexually explicit conduct that will be photographed or made part of a live performance and the patronizing of a juvenile prostitute. *See* RCW 9.68A.001, .100. Thus, the individual sections of this chapter define the "immoral purposes" for which communication with minors is legislatively prohibited.

While we may view Danforth's conduct with disgust and all agree that it is "immoral" by most standards, Danforth's conduct does not fall within the constitutional "core" of conduct prohibited by RCW 9.68A.090 as pres-

ently drafted. We may not arbitrarily impose our own standards of "morality". It is within the exclusive domain of the Legislature to create the laws and define the standards. We may not usurp the Legislature's function. The drafting of a statute is the function of the Legislature, not the judiciary. *State v. Enloe*, 47 Wn. App. 165, 170, 734 P.2d 520 (1987). The courts may not read into a statute things which it conceives the Legislature has left out unintentionally. *Enloe*, 47 Wn. App. at 170. Therefore, if conduct such as Danforth's is to be prohibited, such a prohibition must be created by the Legislature. We may not do so.

■ We are compelled to reject the State's argument that RCW 9.68A.090 prohibits the communication made by Danforth to the two minors. Such an argument is anomalous because the Legislature has failed to make the underlying conduct itself illegal. The prosecutor has failed to cite, and our research has not uncovered, any law prohibiting 16– and 17–year–olds from engaging in consensual sexual activity with adults. Further, the "immoral purposes" for which RCW 9.68A.090 prohibits communication are limited to those that clearly fall within the constitutional "core" of the statute. Consensual (non–prostitution related) sexual activity by 16– and 17–year–olds with adults is not even addressed by RCW 9.68A. If Danforth had asked the two minors here to engage in sexually explicit conduct knowing that such conduct would be photographed or made part of a live performance, or had engaged or offered to engage in sexual conduct in return for a fee, such communication would fall directly within the constitutional core of the statute and be prohibited. This, however, is not the case. Accordingly, as distasteful as we find Danforth's conduct to be, we are compelled to hold that the statute is unconstitutionally vague as applied to Danforth's conduct and, therefore, we must reverse. Because we reverse on grounds of

vagueness, we decline to address the other issues raised by Danforth on this appeal.

COLEMAN, C.J., and SCHOLFIELD, J., concur.