[No. 13003-3-II.   Division Two.   April 30, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT
O'BRIAN LUTHER, *Appellant.*

*Gayle A. Ihringer* and *Ihringer & Dunkerly,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *James D. Markillie* and *Robert W. Shannon, Deputies,* for respondent.

PETRICH, C.J. — Scott O'Brian Luther appeals his juvenile court conviction and sentence on two counts of communication with a minor for immoral purposes, former RCW 9.68A-.090,[1] contending that the statute is unconstitutionally vague as applied to him and that his conduct was not proscribed by the statute. We agree that the conduct was not proscribed by the statute and reverse.

In 1989, Luther and a girl acquaintance, each of whom was 16 years of age, engaged in two acts of fellatio at the Health Experience Athletic Club. Prior to each act, Luther asked the girl whether she was going to perform fellatio as she had previously offered.

The question before us is whether the statute can be applied to proscribe a person from communicating about immoral sexual conduct that would be legal if performed. This question was not addressed in *State v. Schimmelpfennig,* 92 Wn.2d 95, 594 P.2d 442 (1979). There, the defendant communicated about conduct that would have been criminal if performed. The Supreme Court held that the Legislature's intent in enacting RCW 9A.88.020, a predecessor version of RCW 9.68A.090, was to proscribe communications about immoral sexual conduct made criminal by other statutes, and that construed in light of such intent RCW 9A.88.020

---

[1]At the time of the alleged offenses and trial, former RCW 9.68A.090 provided:

"**Communication with minor for immoral purposes.** (1) A person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor, unless that person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state, in which case the person is guilty of a class C felony punishable under chapter 9A.20 RCW.

"(2) As used in this section, 'minor' means a person under eighteen years of age." Laws of 1986, ch. 319, § 2.

was not unconstitutionally vague. The Supreme Court did not consider whether RCW 9A.88.020 did or could proscribe communications about sexual conduct that would be legal if performed.

*State v. Danforth*, 56 Wn. App. 133, 782 P.2d 1091 (1989) was a case factually parallel to ours in that the defendant engaged in communications about sexual conduct that would have been legal if performed.[2] The court held that RCW 9.68A.090 was unconstitutionally vague as applied to the defendant's conduct there.

In our view *Danforth*'s procedural due process approach caused it to go beyond what was necessary to decide the case. For purposes of RCW 9.68A.090, communications can be divided into three categories: (1) those involving conduct made criminal by RCW 9.68A, (2) those involving conduct made criminal by other statutes, and (3) those involving conduct that would be legal if performed. The *Danforth* court, in order to carry out its procedural due process approach, had to define a constitutional "core" of conduct, and it defined that "core" as including only communications about conduct made criminal by statutes in RCW 9.68A. This had the effect of saying that RCW 9.68A.090 could not be used to prosecute communications in either the second or third category, when all that was necessary to decide the case was to say that RCW 9.68A.090 could not be used to prosecute communications in the third category.

■ An approach based on legislative intent will achieve the same result as *Danforth*, but in a way that does not go beyond what is necessary to decide the case. We are mindful of the admonition that a reviewing court should not pass on constitutional issues unless absolutely necessary to determine the case. *State v. Claborn*, 95 Wn.2d 629, 632, 628 P.2d 467 (1981); *State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981). Our approach will focus on legislative intent.

---

[2]Specifically, Robert Danforth, an adult, was charged with violating former RCW 9.68A.090 by asking a 16-year-old male (count 1) and a 17-year-old male (count 2) to participate in consensual group sexual activity.

RCW 9.68A.090 is ambiguous. It might apply to prohibit communications about immoral sexual conduct, whether or not criminal if actually performed; or it might apply only to prohibit communications about immoral sexual conduct that would be criminal if actually performed.

■■ An ambiguous statute is to be construed in accordance with the intent of the Legislature. *State v. Houck*, 32 Wn.2d 681, 684, 203 P.2d 693 (1949). Moreover, an ambiguous criminal statute is to be construed in accordance with the rule of lenity, provided that such construction is not contrary to legislative intent. *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227, 39 A.L.R.4th 975 (1981); *State v. Adlington-Kelly*, 95 Wn.2d 917, 920-21, 631 P.2d 954 (1981). Assuming without deciding that the Legislature, when it enacted RCW 9.68A.090, intended to prohibit communications about all immoral sexual conduct that would be criminal if performed, there is still no indication that the Legislature intended to prohibit communications about sexual conduct, immoral or not, that would be legal if performed. Therefore, we construe RCW 9.68A.090 as not prohibiting communications of the latter type.

*Danforth* seems to support this conclusion to at least a slight degree. In that case, the court seemed to say that the Legislature "left out [of RCW 9.68A.090] unintentionally" communications regarding conduct such as Danforth's — *i.e.*, communications about conduct that would be legal if performed.

■ Furthermore, a statute should be construed, if possible, so as to render it constitutional, *State v. Reyes*, 104 Wn.2d 35, 41, 700 P.2d 1155 (1985); *State v. Browet, Inc.*, 103 Wn.2d 215, 219, 691 P.2d 571 (1984), and a statute will not pass constitutional muster unless it is "rationally connected to improving or benefiting the public peace, health, safety and welfare." *Ketcham v. King Cy. Med. Serv. Corp.*, 81 Wn.2d 565, 576, 502 P.2d 1197 (1972); *State v. Day*, 96 Wn.2d 646, 638 P.2d 546 (1981); *State v. Spino*, 61 Wn.2d 246, 377 P.2d 868 (1963). Although it is rational to prohibit certain communications designed to further conduct that will be illegal if performed, or that will breach the peace,

there can be no rational reason for prohibiting communications about peaceful, consensual conduct that will itself be legal if performed. To construe RCW 9.68A.090 as including such communications would cause it to violate substantive due process, and we decline to adopt a construction that would have that effect. To the extent that we rely upon this additional factor, our approach is similar to that of the Supreme Court in *State v. Day, supra.* In that case, the court held a statute prohibiting driving while under the influence of intoxicants "within the state" did not encompass driving an unlicensed pickup truck in a field that was not near a public road. As one reason supporting that result, the court stated that "it would be an unreasonable exercise of police power to extend the [statutory] prohibition to petitioner's conduct." *State v. Day,* 96 Wn.2d at 649.

In summary, the Legislature never intended that RCW 9.68A.090 proscribe communications about sexual conduct that would be legal if performed, and that conclusion makes it unnecessary to consider constitutional argument based on procedural due process. The judgment below is reversed and the case dismissed.

ALEXANDER and MORGAN, JJ., concur.