[No. 27737-5-I.    Division One.    August 3, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID R. WISSING, JR., *Petitioner.*

---

*John Henry Browne* and *Browne, Ressler & Jones,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Francis Drew Zavatsky, Deputy,* for respondent.

BAKER, J. — In this case, we decide that RCW 9.68A.090, which proscribes communication with a minor for immoral purposes, is unconstitutionally vague as applied to the defendant's conduct, and therefore reverse.

## I

David R. Wissing, Jr. was charged with violation of RCW 9.68A.090, based upon alleged communication with a 12-year-old boy who was visiting Wissing's house with his family. According to the boy, Wissing showed him some "Playboy-type" magazines, and then asked him to come into the bathroom to look at the magazines. Wissing asked him questions about the photographs in the magazines, if he

knew how to masturbate, and asked to see the boy's pubic hair. The boy declined, and the conversation was terminated at that point.

The District Court dismissed the charge, ruling that RCW 9.68A.090 is unconstitutionally vague as applied to the facts of this case because the alleged conduct does not fall within the "constitutional core" of RCW 9.68A.

On appeal the Superior Court reversed, finding that the alleged conduct is prohibited under RCW 9.68A:

> RCW 9.68A.0[4]0 makes it a crime to aid or cause a minor to engage in sexually explicit conduct knowing that "such conduct will be photographed or part of a live performance."
>
> Here there is no suggestion that the conduct was invited for the purpose of photography; however, it was for the purpose of a live performance as defined within the statute. RCW 9.68A-.140(3) defines live performance to mean "any play, show, skit, dance or other exhibition performed or presented to, or before an audience of one or more, with or without consideration."
>
> Thus this conduct falls within the constitutional core of the conduct prohibited by the sexual exploitation statute. Communication for this purpose is prohibited and it is not unconstitutionally vague.

Accordingly, the Superior Court held that the statute is not unconstitutionally vague as applied to the facts of this case. We granted discretionary review, and reverse.

## II

■ As a preliminary matter, we address Wissing's motion to strike portions of the State's brief on grounds that certain appendixes contained facts not stipulated to below. We deny the motion for two reasons. First, when a vagueness challenge is directed to a statute as applied, the statute must be tested by evaluating the particular conduct of the party challenging the statute. *Spokane v. Douglass*, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990). In *Douglass* the court stated that "[v]agueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case." *Douglass*, 115 Wn.2d at 182. Because the underlying challenge in this case is to the validity of the statute as applied, review of a limited set of facts would preclude a meaningful evaluation of the

issue presented on appeal. Second, although not formally part of the stipulation below, the challenged facts were before the District Court.

### III

■ Statutes are presumed to be constitutional and will be declared unconstitutionally vague only if the party challenging the statute satisfies the heavy burden of proving invalidity beyond a reasonable doubt. *Douglass*, 115 Wn.2d at 182-83; *State v. Washington*, 64 Wn. App. 118, 822 P.2d 1245 (1992).

■ A statute is unconstitutionally vague if

(1) . . . the [statute] does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . the [statute] does not provide ascertainable standards of guilt to protect against arbitrary enforcement.

*Douglass*, 115 Wn.2d at 178. If either requirement is not satisfied, the statute is unconstitutionally vague. *Douglass*, 115 Wn.2d at 178.

Under the first prong of this test, the inquiry is whether the statute is sufficiently definite so that persons of common intelligence need not guess at its meaning or differ as to its application. *Douglass*, 115 Wn.2d at 179. The second prong of the test demands that statutes provide adequate standards to protect against arbitrary, erratic, and discriminatory enforcement. For example, an enactment may be deemed unconstitutionally vague if it allows an inordinate amount of police discretion. *Douglass*, 115 Wn.2d at 181.

Wissing asserts that RCW 9.68A.090 is unconstitutionally vague as applied to the facts in this case because the statute does not define the criminal offense with sufficient definiteness that an ordinary person would know that the conduct alleged in this case is proscribed. In *State v. Danforth*, 56 Wn. App. 133, 782 P.2d 1091 (1989), we considered a similar vagueness challenge to RCW 9.68A.090. In that case, the defendant allegedly invited two male minors, aged 16 and 17, to participate in group sexual activity. We held

that although the phrase "communication for immoral purposes" would be unconstitutionally vague if read in a vacuum, the phrase "clearly provides persons of common intelligence and understanding with fair notice of and ascertainable standards of the conduct sought to be prohibited" when read in context with RCW 9.68A. *Danforth*, 56 Wn. App. at 136. We *further stated that*:

> The constitutional "core" of conduct prohibited by RCW 9.68A.090 is communication for purposes of sexual exploitation and abuse of children as provided for in RCW 9.68A. This chapter prohibits conduct relating to the sexual exploitation and abuse of children as it regards sexually explicit conduct that will be photographed or made part of a live performance and the patronizing of a juvenile prostitute. *See* RCW 9.68A-.001, .100. Thus, the individual sections of this chapter define the "immoral purposes" for which communication with minors is legislatively prohibited.

*Danforth*, 56 Wn. App. at 136.

Acknowledging that Danforth's conduct may be viewed as "immoral", we nonetheless held that because the communication concerned conduct not addressed by RCW 9.68A, the conduct did not fall within the "constitutional core" of RCW 9.68A. Therefore, we ruled that the statute was unconstitutionally vague as applied to that set of facts. *Danforth*, 56 Wn. App. at 136.

This court subsequently considered the meaning of "communication for immoral purposes" in *State v. McNallie*, 64 Wn. App. 101, 823 P.2d 1122, *review granted*, 119 Wn.2d at 1001 (1992). In *McNallie* the defendant appealed his conviction of communicating with a minor for immoral purposes, arguing in part that the trial court erred in rejecting his proposed jury instruction defining "communication for immoral purposes". The defense-proposed instruction defined "communication for immoral purposes" as communication conveying a desire to " 'have the minor engage in sexual conduct for a fee' ". *McNallie*, 64 Wn. App. at 106. The court gave a much broader instruction, interpreting the statute as proscribing any communication for immoral purposes of a sexual nature. We held that *Danforth* controlled and that the trial

court erred in rejecting the defense proposed instruction.[1] *McNallie*, 64 Wn. App. at 107.

In *McNallie* we distinguished *State v. Schimmelpfennig*, 92 Wn.2d 95, 594 P.2d 442 (1979), relied upon by the State in this case. In *Schimmelpfennig* the Supreme Court broadly interpreted the phrase "communication for immoral purposes" to mean any communication for purposes of sexual misconduct. However, in *McNallie* we noted that the statutory scheme was different when *Schimmelpfennig* was decided. At that time, the prohibition against communication with a minor for immoral purposes was contained in RCW 9A.88, a chapter which also proscribed public indecency, prostitution, and indecent liberties. *McNallie*, 64 Wn. App. at 107-08. We stated that "[n]ow that the language is found in RCW 9.68A the same reasoning which yielded a broader meaning in *Schimmelpfennig* [by reference to the RCW chapter within which the charged crime is found] requires the narrower reading set forth in *Danforth*." *McNallie*, 64 Wn. App. at 108.

Division Two of this court recently considered a vagueness challenge to RCW 9.68A.090 in *State v. Luther*, 65 Wn. App. 424, 830 P.2d 674 (1992). In *Luther* two 16-year-old acquaintances engaged in acts of fellatio on two occasions. Prior to each act, the defendant asked the girl whether she was going to perform fellatio as she had previously offered. The *Luther* court reversed the conviction and held that the Legislature did not intend RCW 9.68A.090 to proscribe communications for purposes of conduct which is not itself illegal. *Luther*, at 428. The court declined to follow the approach used in *State v. Danforth*, *supra*, noting that in its view the *Danforth* analysis went beyond what was necessary to decide the issue presented because that case involved communication regarding legal conduct. *Luther*, at 426.

---

[1]We went on to hold, however, that the instructional error was harmless.

■ In this case, however, because the Superior Court concluded that the communication was for purposes of conduct specifically proscribed by RCW 9.68A, we address that argument and follow the approach set forth in *Danforth*. Accordingly, we must determine whether the conduct alleged in this case falls within the constitutional core of RCW 9.68A as defined in *Danforth*.

RCW 9.68A.040(1)(b) provides:

> (1) A person is guilty of sexual exploitation of a minor if the person:
>
> . . . .
>
> (b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance[.]

Sexually explicit conduct is defined in part as: "Exhibition of the genitals or unclothed pubic or rectal areas of any minor . . . for the purpose of sexual stimulation of the viewer[.]" RCW 9.68A.011(3)(e).

We reject Wissing's argument that the record contains no evidence supporting an inference that the alleged communication was for purposes of sexual gratification. It is reasonable to infer from the boy's testimony that Wissing invited the minor to engage in sexually explicit conduct for purposes of his own sexual gratification.

Wissing next asserts that the alleged conduct does not fall within the constitutional core of RCW 9.68A.040(1)(b) because there is no evidence that the conduct would be photographed or part of a live performance. Because there is no contention that the requested conduct would be photographed, we consider only whether the requested conduct falls within the definition of a live performance.

A "[l]ive performance" is defined as "any play, show, skit, dance, or other exhibition performed or presented to, or before an audience of one or more, with or without consideration." RCW 9.68A.140(3). Wissing argues that the phrase "or other exhibition" connotes some type of performance or staging, citing the *American Heritage Dictionary* (1981) definition of exhibition. The State, on the other hand, asserts

that "to exhibit" means "to present to view", citing *Webster's New Collegiate Dictionary* (1977).

■ In determining which dictionary meaning applies to a term within a statute, we must consider the context of the statute in which the term applies. *State v. Rhodes*, 58 Wn. App. 913, 795 P.2d 724 (1990). In addition, " 'fundamental fairness requires that a penal statute be literally and strictly construed in favor of the accused although a possible but strained interpretation in favor of the State might be found.' " *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988) (quoting *State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986)).

■ ■ Viewed in the context of RCW 9.68A.140(3), we conclude that the phrase "other exhibition" connotes a type of performance similar in nature to those terms immediately preceding it in the statute, *e.g.*, play, show, skit, or dance. Indeed, if the term "exhibition" was intended to impart a meaning different from or independent of "play, show, skit, or dance", then use of the word "other" immediately preceding "exhibition" would be superfluous. Moreover, if we were to interpret "exhibition" as including the type of private request here, there would be no ascertainable standard for determining what kinds of conduct constitute an exhibition. We therefore hold that the alleged conduct does not fall within the constitutional core of RCW 9.68A-.040(1)(b).

The State alternatively argues that RCW 9.68A.090 prohibits communication with a minor for purposes of any statutorily proscribed sexual misconduct, citing *State v. Schimmelpfennig*, 92 Wn.2d 95, 594 P.2d 442 (1979) and *State v. Falco*, 59 Wn. App. 354, 796 P.2d 796 (1990). The State urges this court to reject *Danforth* on grounds that it is unduly restrictive and incorrect under *Schimmelpfennig*.

*Schimmelpfennig* held that in the context of RCW 9A.88, which proscribed public indecency, prostitution, and certain indecent liberties, persons of common intelligence and understanding would have fair notice of the Legislature's intent to prohibit sexual misconduct. That case did not hold,

however, that the scope of the previous communication statute was so broad as to be limited only by some undefined societal notion of sexual impropriety without regard to those other crimes specifically set forth in RCW 9A.88.[2]

The State also argues that the *Danforth* analysis is incorrect because it omitted an element of the *Schimmelpfennig* analysis. In *Schimmelpfennig* the court concluded that a penalty enhancement provision in the statute which escalated the offense from a misdemeanor to a felony where the defendant had previously been convicted of a felony sexual offense supported its ruling:

> This commonsense understanding of the intent of the statute is reinforced by the language of RCW 9A.88.020 itself, which escalates the misdemeanor to a felony where the defendant has previously been convicted of a felony *sexual* offense. The scope of the statutory prohibition is thus limited by its context and wording to communication for the purposes of sexual misconduct.[3]

*Schimmelpfennig*, 92 Wn.2d at 102.

■ ■ The State interprets this language as standing for the proposition that the phrase "immoral purposes" includes any sexual conduct proscribed by any statute. We disagree. In *Danforth* we held that "the 'immoral purposes' for which RCW 9.68A.090 prohibits communication are limited to those that clearly fall within the constitutional 'core' of the

---

[2]The State also asserts that its argument is supported by *State v. Falco*, *supra*, in which this court considered whether the communication with a minor statute is a lesser included offense of attempted first degree statutory rape. In determining that the elements of the communication statute are not necessary elements of attempted statutory rape, the court stated that "communication" includes conduct as well as words, and "immoral purpose" refers to sexual misconduct, citing *Schimmelpfennig*. *Falco*, 59 Wn. App. at 358. As we noted in *McNallie*, however, the issue in *Falco* was whether the term "communication" included conduct as well as words, not which acts constitute immoral purposes. *McNallie*, 64 Wn. App. at 108 n.16. Accordingly, we do not find support for the State's argument in *Falco*.

[3]RCW 9.68A.090 contains a similar clause:

"A person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor, unless that person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state, in which case the person is guilty of a class C felony punishable under chapter 9A.20 RCW."

statute." *Danforth*, 56 Wn. App. at 137. The statute's reference to other felony sexual offenses for sentencing enhancement cannot be used to define the nature and scope of "immoral purposes" under RCW 9.68A.090. Even if the statute included communication for purposes of conduct proscribed in RCW 9A.44 and RCW 9A.64, the conduct alleged in this case clearly is not a crime under RCW 9A.44 or RCW 9A.64. Therefore, this argument does not aid the State because the conduct alleged here is not a crime under RCW 9.68A, 9A.44, or 9A.64.

Finally, the State argues that RCW 9.68A.090 prohibits communication with a minor for purposes of any sexual misconduct, even if that conduct is not itself illegal. Again, we disagree. First, we do not have common law crimes in this state. "It is within the exclusive domain of the Legislature to create the laws and define the standards. We may not usurp the Legislature's function." *Danforth*, 56 Wn. App. at 137.

Second, in order to withstand a vagueness challenge, the phrase "immoral purposes" must provide ascertainable standards by which ordinary people can understand what conduct is proscribed. Absent some intelligible and clear reference to which the phrase "immoral purposes" can be tied, the statute would not provide notice of the conduct sought to be prohibited and therefore would be unconstitutionally vague.[4]

Reversed.

WEBSTER, A.C.J., and COLEMAN, J., concur.

Review denied at 120 Wn.2d 1017 (1992).

---

[4]In the final paragraph of his brief, Wissing raises a challenge to the statute's validity on grounds that it is overbroad. He did not assign error to the Superior Court's failure to declare the statute void on grounds that it is unconstitutionally overbroad, as required by RAP 10.3. Appellate courts "will not consider issues on appeal that are not raised by an assignment of error or are not supported by argument and citation of authority." *McKee v. American Home Prods. Corp.*, 113 Wn.2d 701, 705, 782 P.2d 1045 (1989).