[No. 26372-0-III.   Division Three.   April 22, 2008.]

CHRIS HASTINGS, *Appellant*, v. ALEXANDER GROOTERS, *Respondent*.

*Cathy A. Busha*; and *Douglas W. Nicholson* (of *Cone, Gilreath, Ellis, Cole & Anderson*), for appellant.

*James T. Denison, Jr.* (of *Lathrop, Winbauer, Harrel, Slothower & Denison, LLP*), for respondent.

¶1 KULIK, J. — Chris Hastings, the buyer, and Alexander Grooters, the seller, entered into a written real estate contract. When the buyer failed to make payments, the seller filed a notice of intent to forfeit. No cure was made. However, the buyer filed an action seeking a public sale in lieu of forfeiture pursuant to RCW 61.30.120. The buyer attempted to effect service on the seller by leaving a copy of the summons and complaint with the receptionist at the

office of the seller's attorney. The next day the seller recorded the declaration of forfeiture.

¶2 The trial court granted the seller's motion to dismiss, concluding that the buyer did not personally serve the summons and complaint before the forfeiture was recorded. We agree that leaving the summons and complaint with an attorney's receptionist did not constitute personal service required by RCW 61.30.120(2). Therefore, we affirm the trial court's dismissal of the action and award attorney fees and costs to Mr. Grooters.

## FACTS

¶3 On June 7, 2001, Mr. Grooters and Mr. Hastings entered into a written real estate contract that was recorded with the Kittitas County auditor one week later. When Mr. Hastings failed to make payments, a notice of intent to forfeit was recorded and served pursuant to the statute.

¶4 In an attempt to retain his equity in the property, Mr. Hastings filed an action in superior court, seeking a public sale in lieu of forfeiture pursuant to RCW 61.30.120. He filed this action on April 26, 2007. That same day, Mr. Hastings's attorney delivered a copy of the summons and complaint to the receptionist of the law firm where Mr. Grooters's attorney worked. The next day, Mr. Grooters recorded, and later served, the declaration of forfeiture. On May 2, Mr. Hastings offered to pay the real estate contract in full. The offer was declined.

¶5 Mr. Grooters filed a motion to dismiss the action seeking a public sale. The trial court granted this motion because the declaration of forfeiture was filed before effective service was obtained on the seller, the seller's agent, or the seller's attorney. The trial court also denied Mr. Hastings's motion for reconsideration.

## ANALYSIS

■ ¶6 Chapter 61.30 RCW is known as the Real Estate Contract Forfeiture Act. RCW 61.30.120 governs the sale of property in lieu of forfeiture. RCW 61.30.120 states:

> An action under this section *shall be commenced* by filing and serving the summons and complaint before the declaration of forfeiture is recorded. *Service shall be made upon* the seller or the seller's agent or attorney, if any, who gave the notice of intent to forfeit.

(Emphasis added.)

¶7 An action under RCW 61.30.120 is a new action. RCW 61.30.120 requires that an action must be commenced and that service must be attained, but the statute does not define how service is to be obtained.

¶8 CR 3 deals with the commencement of an action. CR 3 reads, in part,

> Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint.

RCW 61.30.120(2) requires the filing and serving of the summons and complaint.

¶9 Mr. Hastings, the buyer, argues that personal service is not required under RCW 61.30.120 because the word "personal" does not appear in the statute. However, RCW 61.30.120(2) states that "[s]ervice shall be made *upon* the seller or the seller's agent or [the seller's] attorney." (Emphasis added.) The fact that service is to be made "upon" any of three different individuals indicates that the service contemplated is personal service.

■ ¶10 CR 4(d)(2) governs personal service. Under this provision, "[p]ersonal service of summons and other process shall be as provided in RCW 4.28.080-.090 . . . and other statutes which provide for personal service." CR 4(d)(2). RCW 4.28.080 contains the modes that are accepted as personal service. RCW 4.28.080(15) states:

In all other cases, to the *defendant* personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.

(Emphasis added.)

¶11 The issue here is the meaning of the word "defendant" in RCW 4.28.080(15). Mr. Hastings contends that RCW 4.28.080(15) does not apply because, as used in RCW 61.30.120(2), the "seller or the seller's agent or [the seller's] attorney" are not "defendants." Mr. Hastings also asserts that service under RCW 61.30.120(2) need not comply with statutory standards and need only comport with due process. In contrast, Mr. Grooters argues that the term "defendant" is broad enough to include "the seller or the seller's agent or [the seller's] attorney."

¶12 The language of a statute must be read in context with the entire statute and construed in a manner that is consistent with the general purpose of the statute. *Graham v. State Bar Ass'n*, 86 Wn.2d 624, 627, 548 P.2d 310 (1976). If a statute is unambiguous, its meaning must be derived from the wording of the statute. *State v. Lee*, 96 Wn. App. 336, 341, 979 P.2d 458 (1999). All provisions of a statute must be considered in light of one another and, if possible, harmonized to ensure proper construction; but if the language remains susceptible to two constructions, one of which carries out and the other which defeats the statute's purpose, the former construction should be adopted. *Id.*

¶13 When interpreting a term that is not defined in the statute, courts may refer to a dictionary meaning and consider the subject matter and the context in which the words are used. *Quadrant Corp. v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 154 Wn.2d 224, 239, 110 P.3d 1132 (2005) (quoting *City of Tacoma v. Taxpayers of Tacoma*, 108 Wn.2d 679, 693, 743 P.2d 793 (1987)). When considering which dictionary term applies to a term in a statute, the court must look to the context of the statute. *State v. Wissing*, 66 Wn. App. 745, 753, 833 P.2d 424 (1992).

It is far more important to consider words in the context in which they are used rather than to consider their meanings in isolation. *State v. Keller*, 98 Wn. App. 381, 387, 990 P.2d 423 (1999), *aff'd*, 143 Wn.2d 267, 19 P.3d 1030 (2001).

¶14 Chapter 4.28 RCW governs the commencement of actions in Washington. RCW 4.28.080 details how service must be attained. The language of RCW 4.28.080(15) indicates that it is a catch-all provision. RCW 4.28.080(15) states that it applies "[i]n all other cases." Given this context, the term "defendant" should also be read to include the seller, the seller's attorney, and the seller's agent, as referred to in RCW 61.30.120(2). This reading is supported by the definition of "defendant" found in *Webster's* dictionary. *Webster's* defines "defendant" in fairly broad terms as "a person required to make answer in an action or suit in law or equity or in a criminal action — opposed to *plaintiff*." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 591 (1993). In short, Mr. Hastings's argument that the term "defendant" must be read narrowly is not consistent with RCW 4.28.080(15).

¶15 Mr. Hastings next argues that the Real Estate Contract Forfeiture Act is a unique, self-contained statutory scheme requiring service in any manner that comports with due process. Mr. Hastings points out that once a seller has commenced forfeiture, the buyer has the option to bring an action seeking a public sale in lieu of forfeiture. In Mr. Hastings's view, this second action is brought within the context of the first proceeding that has already been commenced.

¶16 The Real Estate Contract Forfeiture Act may be a unique piece of legislation that constitutes a departure from the common law, but this does not mean that it is inappropriate to look to RCW 4.28.080(15) to find the manner of service. RCW 61.30.120(1) states, "Any person entitled to cure the default may bring or join in an action seeking an order of public sale in lieu of forfeiture." This provision states that a new cause of action is commenced that requires judicial involvement. This new action constitutes a

separate action requiring service of process. This new action is a distinct civil lawsuit in contrast to the statutory nonjudicial forfeiture procedure.

¶17 Mr. Hastings asserts that RCW 61.30.120(2) places no restrictions on the manner in which service is made. He contends that the legislature was aware of this circumstance. To support this argument, Mr. Hastings points to RCW 61.30.050(2)(b), which requires that service of the notice of intent may be done by "personal service in the manner required for civil actions."

¶18 However, RCW 61.30.050 covers the nonjudicial "required notices" necessary when a seller seeks forfeiture. Subsection (2) provides the mechanism for how these notices are given. One of several ways these notices can be given is by "personal service in the manner required for civil actions." RCW 61.30.050(2)(b). This provision does not change the manner in which service is obtained in a civil action commenced under RCW 61.30.120 to force public sale in lieu of forfeiture.

¶19 Mr. Hastings asserts that the due process concerns were satisfied by serving the receptionist for Mr. Grooters's attorney. Relying on *Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991), Mr. Hastings contends that the notice here met the requirements of due process and constituted effective service based on substantial compliance.

¶20 *Wichert* addressed the question of substituted service under former RCW 4.28.080(14) (1987). Under former RCW 4.28.080(14) and the current version, three separate elements must be satisfied to effect substituted service: (1) a copy of the summons must be left at the defendant's abode (2) with a person of suitable age and discretion and (3) then resident therein.

¶21 In *Wichert*, the court concluded that substituted service had been obtained even though the person served was the defendant's wife's daughter, who lived in her own apartment but had stayed overnight in the defendant's residence the night before process was served. *Wichert*, 117

Wn.2d at 150. The court noted that the term "resident" was "elastic." *Id.* at 151. The court applied two rules of statutory construction: (1) that the spirit and intent of the statute should prevail over the letter of the law and (2) that the interpretation of the statute should be used which best advanced the legislative purpose. *Id.* The court concluded that when a defendant is absent from his or her abode, the person in possession of the abode is likely to present papers to the defendant. *Id.* at 152.

¶22 In *Wichert*, the court addressed the issue of substituted service. The fact situation met the first two elements required to effect substituted service. The matter in dispute was the third element, which required the person to be "then resident therein." The question here is not a question of substituted service and, in any event, Mr. Hastings has not met two of three elements required to obtain substituted service. Instead, Mr. Hastings was required to personally serve the seller, the seller's agent, or the seller's attorney, and he did not do so.

¶23 RCW 61.30.120(2) requires personal service on one of three individuals. Service is insufficient under RCW 4.28.080(15) when made upon an employee of the person to be served unless the employee is authorized to accept service on the person's behalf.

¶24 In *French v. Gabriel*, 57 Wn. App. 217, 225-26, 788 P.2d 569 (1990), *aff'd*, 116 Wn.2d 584, 806 P.2d 1234 (1991), personal service was found insufficient where process was left with the attorney's secretary. In *Nitardy v. Snohomish County*, 105 Wn.2d 133, 712 P.2d 296 (1986), the court considered RCW 4.28.080 as it applies to service on the county auditor when the plaintiff served process on a secretary to the county executive. The court rejected the argument that service substantially complied with the statute. The court determined that the legislature was clear in its mandate and had named a specific person. Hence, service on anyone other than the auditor was insufficient. *Id.* at 135.

¶25 Mr. Hastings argues that RCW 61.30.120(2) must be read in light of CR 4 and CR 5. He contends that CR 5 authorizes service by leaving a copy of the summons with an attorney's secretary.

¶26 CR 5(b)(1) states, in part, that

> [s]ervice upon the attorney or upon a party shall be made by delivering a copy to him or mailing it to him at his last known address or, if no address is known, filing with the clerk of the court an affidavit of attempt to serve. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof.

However, CR 5(b) has a limited reach. CR 5(b)(1) applies "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney." Here, service on the attorney is authorized under RCW 61.30.120(2), not CR 5. Moreover, CR 5(a) limits its application to attorneys to those instances where a party seeks to serve a pleading subsequent to the complaint. Here, Mr. Hastings sought to obtain service of the original complaint.

¶27 Lastly, Mr. Hastings argues that the Real Estate Contract Forfeiture Act is a "special proceed[ing]" under CR 81(a) and is outside the Superior Court Civil Rules.

¶28 CR 81(a) states that "[e]xcept where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." CR 4 is consistent with RCW 61.30.120(2). CR 3 is inconsistent to the extent that an action under RCW 61.30.120 is commenced by filing and service of the complaint, not merely the filing of a complaint. Personal service under CR 4(d)(2) refers back to RCW 61.30.120 as a statute providing for personal service. Likewise, there is no support for Mr. Hastings's argument that a broad reading of "defendant" would encompass service on the attorney's receptionist.

¶29 *Attorney Fees.* Mr. Grooters requests an award of attorney fees in the trial court and here pursuant to paragraph 24 of the real estate contract. This provision

reads, in part, "The prevailing party in any suit instituted arising out of this Contract and in any forfeiture proceedings arising out of this Contract shall be entitled to receive reasonable attorney's fees and costs incurred in such suit or proceedings." Clerk's Papers at 9.

¶30 We affirm the trial court's dismissal and award attorney fees and costs to Mr. Grooters.

SCHULTHEIS, C.J., and THOMPSON, J. PRO TEM., concur.