# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53269-7-II |
| Respondent, | |
| v. | |
| MINGO GUILLERMO, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Mingo Guillermo appeals his convictions of one count of communication with a minor for immoral purposes and one count of indecent exposure with sexual motivation. He argues that the trial court abused its discretion when it admitted evidence of electronic messages that he sent to the victim, CJ, under ER 404(b) and that the State failed to present sufficient evidence to support his conviction of communication with a minor for immoral purposes.

We hold that the trial court did not abuse its discretion in admitting the messages pursuant to ER 404(b). We further hold that the State presented sufficient evidence to sustain Guillermo's conviction for the communication with a minor for immoral purposes charge.

Accordingly, we affirm.

FACTS

I. FACTS LEADING TO GUILLERMO'S CONVICTION

CJ first met Guillermo in 2013 when she was 13 years old. Guillermo was in a dating relationship with CJ's aunt, who had a close bond with CJ. CJ's aunt provided CJ with financial support in a number of ways, including by purchasing CJ a cell phone and paying for the phone plan.

CJ maintained various social media accounts that she accessed through her cell phone. She took photos of herself and of her siblings and posted the photos to Instagram and Facebook. In the summer of 2017, both Guillermo and CJ's aunt were covering the cost of CJ's data plan on her cell phone.

CJ and Guillermo communicated through text messages on occasion, and Guillermo followed CJ on Instagram and Facebook. CJ and Guillermo also spoke to one another through Facebook Messenger, which is a separate application connected to Facebook.

In June or July of 2017, when CJ was 17 years old, her phone had broken, and she informed her aunt and Guillermo that she needed a new one. Guillermo initiated a video call with CJ around midnight using the Facebook Messenger application. At the time, CJ was alone in her room. Guillermo was dressed in "[n]othing but boxers," which did not immediately strike CJ as odd because "it was around bedtime." 2 Report of Proceedings (RP) (Feb. 26, 2019) at 192-93. CJ could see that her aunt was watching television in the background of the video and not paying attention to the call.

Guillermo and CJ discussed purchasing a new phone for CJ, and the call lasted for approximately thirty minutes. At the beginning of their conversation, Guillermo's camera was

pointed at his face. At the end of their conversation, however, Guillermo redirected the camera to expose his erect penis to CJ. Guillermo appeared to masturbate. CJ ended their call almost immediately thereafter. The incident made CJ feel "upset" and "uncomfortable," but she did not immediately inform any adults because she was scared and "didn't know what was going to happen." *Id.* at 196-97. CJ had never chatted with Guillermo using video prior to that incident.

CJ received a new phone from her aunt and Guillermo, and in the months that followed the video call, she began to save pictures of messages that Guillermo sent to her because she felt that the messages were inappropriate. The messages were sent both through text message and through the Facebook Messenger application. In one Facebook message, Guillermo told CJ, "That last picture that you took on Instagram is beautiful." *Id.* at 202. In another, Guillermo copied a photo that CJ had recently posted of herself on Facebook and commented, "[v]ery nice." *Id.* at 204. Guillermo also sent CJ a text message similarly copying a photo that CJ had posted of herself on social media, stating "No, I'm not a perv. I just know when I see a beautiful woman." *Id.* at 206. Guillermo sent other messages to CJ stating, "I'm going to have to make you my future wife," and asking if CJ would be his girlfriend when she got older. *Id.* at 210.

CJ told her mother about her interactions with Guillermo. CJ and her mother contacted the Lakewood Police Department and reported both the video call incident and the ongoing communications to law enforcement in March of 2018. CJ provided police with screen captured photographs of messages from Guillermo. After an investigation, Guillermo was charged with one count of communication with a minor for immoral purposes and one count of indecent exposure with sexual motivation.

## II. PROCEDURAL HISTORY

Guillermo moved in limine to exclude evidence of social media messages Guillermo sent to CJ. He argued that the messages constituted inadmissible propensity evidence under ER 404(b). The State argued that the messages were admissible under ER 404(b) to show Guillermo's "immoral purpose" in the video chat as well as his "lustful disposition" toward CJ. 1 RP (Feb. 25, 2019) at 63-64.

Following an offer of proof by the State, the trial court found, by a preponderance of the evidence, that the messages were sent by Guillermo to CJ. The trial court agreed with the State that the text messages were probative of Guillermo's state of mind during the video call with CJ and tended to show that Guillermo "was imagining sexual contact with [CJ] at some future point." 2 RP (Feb. 26, 2019) at 161. Thus, the trial court ruled that the messages were relevant both to the communication with a minor for immoral purposes charge and the sexual motivation aggravator attached to the indecent exposure charge.

The trial court further ruled that the evidence was not unfairly prejudicial within the meaning of ER 403 because there is little risk that the messages would elicit an emotional reaction from the jury. The trial court concluded that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence.

The trial court denied Guillermo's motion to exclude the messages that Guillermo sent to CJ in the months after the video call incident. The trial court explained that the evidence was relevant to "the mental states that the government must prove." *Id.* at 169. Guillermo noted his exception to the trial court's ruling, asserting that cases in which evidence of lustful disposition

4

was admitted under ER 404(b) were distinguishable. Guillermo asked that the trial court give the jury a limiting instruction regarding the messages.

The trial court gave the following limiting instruction to the jury:

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of screen shots of communications. This evidence may be considered by you only for the purpose of determining whether the live video chat that you heard testimony about was of a sexual nature, and for the purpose of determining whether the alleged indecent exposure was done for the purpose of sexual gratification. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

Clerk's Papers (CP) at 258. Guillermo agreed that the jury instruction was consistent with the trial court's ruling while reserving his objection to the introduction of the evidence in the first instance.

CJ and CJ's mother testified consistently with the facts as described above. In closing, the State told the jury that it was relying on the video message to support both charges. The State explained that "Guillermo didn't say anything inappropriate to [CJ], but he still communicated to her. He communicated to her when he masturbated at her through the video chat." 2 RP (Feb. 26, 2019) at 261. The State described each message Guillermo sent to CJ and stated that, with respect to the communication with a minor for immoral purposes charge, the messages reflected the type of contact Guillermo wanted with CJ and could be considered by the jury to determine whether the video call incident was "of a sexual nature." *Id.* at 263. With respect to the indecent exposure charge, the State argued that the jury could consider the messages to determine whether Guillermo exposed himself to CJ for his own sexual gratification, which is an element of the sexual motivation aggravating factor.

The jury found Guillermo guilty of both indecent exposure and communication with a minor for immoral purposes. The jury also found that the indecent exposure was committed with

sexual motivation. The trial court sentenced Guillermo to 60 months total confinement. Guillermo appeals.

DISCUSSION

I. ER 404(B) EVIDENCE

Guillermo argues that the trial court abused its discretion when it admitted messages that Guillermo sent to CJ under ER 404(b) because the messages were sent after the video call took place and were therefore not relevant to the indecent exposure charge. Guillermo further contends that any probative value of the messages was substantially outweighed by the danger of unfair prejudice arising from the likelihood that the jury considered the messages for improper propensity purposes. Guillermo challenges the admissibility of the messages only as they relate to his indecent exposure conviction, although the trial court ruled that the evidence was admissible with respect to the communication with a minor for immoral purposes charge as well. Guillermo contends that because his messages to CJ were admitted as substantive evidence of his lustful disposition of toward CJ, the admission of the evidence was not harmless.

We disagree. The trial court did not abuse its discretion when it admitted the messages because the messages were relevant to Guillermo's sexual motivation, and their probative value was not substantially outweighed by the danger of unfair prejudice. Therefore, the trial court properly admitted the misconduct evidence pursuant to ER 404(b).

A. LEGAL PRINCIPLES

Under ER 404(b), evidence of prior misconduct is categorically barred when it is offered "for the purpose of proving a person's character and showing that the person acted in conformity with that character." *State v. Gresham*, 173 Wn.2d 405, 420, 269 P.3d 207 (2012). The same

evidence, however, may be admitted for proper purposes that include but are not limited to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b); *Gresham*, 173 Wn.2d at 420. Washington courts have recognized that evidence of a defendant's collateral sexual misconduct is admissible under ER 404(b) where it tends to show the defendant's "lustful disposition" toward a particular victim as opposed to the defendant's "general sexual proclivities." *State v. Ray*, 116 Wn.2d 531, 547, 806 P.2d 1220 (1991); *State v. Gonzalez*, 1 Wn. App. 2d 809, 819, 408 P.3d 376 (2017).

> Before it admits evidence of prior misconduct, a trial court is required to,
>
> '(1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.'

*Gresham*, 173 Wn.2d at 421 (quoting *State v. Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)). The requirements of steps three and four incorporate evidence rules 402 and 403, respectively. *Id.*

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Relevance, therefore, represents a low bar and "[e]ven minimally relevant evidence is admissible." *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002).

Under ER 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." In cases involving sexual crimes, factors that may be considered in balancing include "the need for the evidence, the secrecy surrounding sex abuse offenses," the vulnerability and age of the victim, as well as the lack of physical proof and the "'degree of public opprobrium associated with the accusation.'" *State v. DeVincentis*, 150 Wn.2d 11, 23, 74 P.3d 119 (2003) (quoting Report of Proceedings at 130).

We review the trial court's decision to admit or exclude evidence of misconduct under ER 404(b) for an abuse of discretion. *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009). "A trial court abuses its discretion where it fails to abide by the rule's requirements." *Id.*

Relevant here, indecent exposure under RCW 9A.88.010(1) provides, that a "person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." Acting with a sexual motivation is not a requisite element of indecent exposure. *State v. Murray*, 190 Wn.2d 727, 735, 416 P.3d 1225 (2018). But sexual motivation is an aggravating factor that may be applied to indecent exposure that exists when "one of the purposes for which the defendant committed the crime was for the purpose of his or her sexual gratification." *Id.* at 733-34 (quoting RCW 9.94A.030(48)).

B. APPLICATION

1. RELEVANCE

The messages Guillermo sent to CJ were illustrative of his lustful disposition towards her, and thus they were relevant to the sexual motivation aggravator for the indecent exposure charge. *See Gonzalez*, 1 Wn. App. 2d at 819. While the indecent exposure charge does not require proof of sexual motivation, the sexual motivation aggravating factor required the State to prove Guillermo committed the indecent exposure for his sexual gratification.[1] *See Murray*, 190 Wn.2d at 733-34. The fact that Guillermo sent messages to CJ complimenting her appearance and stating

---

[1] Guillermo misapprehends the trial court's purpose for admitting the messages in contending that the messages do not bear on any element of indecent exposure. As the trial court made explicit in its oral ruling and in its limiting instruction based on that ruling, the messages were relevant to the sexual motivation aggravating factor. The trial court agreed that the messages did not pertain to an element of indecent exposure.

his desire to make her his wife or girlfriend at a future time are reflective of his mental state during the video call.

Moreover, "an act occurring after the charged abuse is relevant to lustful disposition." *Gonzalez*, 1 Wn. App. 2d at 820. Therefore, Guillermo's primary contention that the messages are irrelevant because he sent them after the video call took place is of no merit. The messages were sent within several months of the video call incident and were not so remote in time to the charged conduct that they bear no relevance.

### 2. ER 403 BALANCING

The messages Guillermo sent to CJ were probative of Guillermo's "lustful disposition" toward her rather than his general propensity for sexual misconduct with minors. *See Ray*, 116 Wn.2d at 547; *Gonzalez*, 1 Wn. App. 2d at 819. Because of its particularity, evidence of a lustful disposition directed towards the victim is distinguishable from the type of propensity evidence that ER 404(b) categorically prohibits. *See Ray*, 116 Wn.2d at 547; *see also Gonzalez*, 1 Wn. App. 2d at 819. Here, the statements Guillermo sent to CJ evinced his intentions and attraction toward her alone, and he did not refer broadly to minors of a similar age to CJ.

Moreover, such evidence has considerable probative value given that the only other evidence of Guillermo's conduct was derived from CJ's testimony and statements that she made to her mother and police. *See State v. Sexsmith*, 138 Wn. App. 497, 506, 157 P.3d 901 (2007) (explaining that "courts will find that probative value is substantial in cases where there is very little proof that sexual abuse has occurred, particularly where the only other evidence is the testimony of the child victim."). Guillermo's messages to CJ provided critical corroborative evidence that supported CJ's testimony regarding Guillermo's interactions with her that would not

9

have been available otherwise. *See DeVincentis*, 150 Wn.2d at 25 (holding that in cases involving allegations of sexual crimes, the probative value of evidence of prior bad acts must be accorded special consideration "when corroborating evidence is not available," so long as the trial court adequately balances the value of the evidence against the danger of unfair prejudice.).

In addition, the danger of unfair prejudice arising from admission of the messages was sufficiently dispelled by the limiting instruction. Here, the trial court instructed the jury that it was to consider the messages only "for the purpose of determining whether the live video chat . . . was of a sexual nature, and . . . whether the alleged indecent exposure was done for the purpose of sexual gratification." CP at 258. Guillermo argues, however, that admitting the messages was unduly prejudicial because the jury inevitably considered them as evidence of his general propensity. His argument assumes that the jury disregarded the limiting instruction. But "[a] jury is presumed to follow the court's instructions and that presumption will prevail until it is overcome by a showing otherwise." *Carnation Co., Inc. v. Hill*, 115 Wn.2d 184, 187, 796 P.2d 416 (1990); *see also State v. Allen*, 182 Wn.2d 364, 380, 341 P.3d 268 (2015). Guillermo has not presented any evidence that the jury failed to follow the trial court's limiting instruction.

Guillermo does not contest the adequacy of the State's offer of proof, nor does he assert that demonstrating a lustful disposition is an improper basis on which to admit evidence of uncharged sexual misconduct under ER 404(b). Because the evidence was relevant and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, the trial court did not abuse its discretion when it admitted evidence of the messages Guillermo sent to CJ pursuant to ER 404(b). *See Gresham*, 173 Wn.2d at 420. Thus, Guillermo is not entitled to reversal of his indecent exposure conviction.

II. Sufficiency of the Evidence

Guillermo argues that the State did not present sufficient evidence to sustain his communication with a minor for immoral purposes conviction. Focusing exclusively on the messages as the basis for his conviction, Guillermo contends that they do not provide sufficient evidence because they do not contain any discrete sexual language and they do not express an intent that CJ engage in sexual misconduct. Even assuming the messages have an implicit sexual subtext, Guillermo asserts that because the conduct contained in the messages would be legal if performed, they do not support a communication with a minor for immoral purposes conviction under *State v. Luther*, 65 Wn. App. 424, 830 P.2d 674 (1992).

We disagree. The State presented sufficient evidence to sustain the communication with a minor for immoral purposes conviction predicated on the video call, with the messages providing corroborative evidence of Guillermo's purpose in communicating with CJ.

A. Legal Principles

Evidence is sufficient to support a conviction if, upon viewing the evidence in the light most favorable to the State, any rational trier of fact can find the essential elements of the crime beyond a reasonable doubt. *State v. Yishmael*, 195 Wn.2d 155, 177, 456 P.3d 1172 (2020). "'A claim of insufficiency admits the truth of the State's evidence," and all reasonable inferences arising therefrom "'must be drawn in favor of the State and interpreted most strongly against the defendant.'" *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019), *cert. denied*, *Scanlan v. Washington*, ___ U.S. ___, 140 S. Ct. 834, 205 L. Ed. 2d 483 (2020) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

RCW 9.68A.090 prohibits "communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct." *State v. McNallie*, 120 Wn.2d 925, 933, 846 P.2d 1358 (1993) (referring to former RCW 9.68A.090 (1989)). The statute is designed to protect minors "from exposure to sexual misconduct for the gratification of another." *State v. Hosier*, 157 Wn.2d 1, 10, 133 P.3d 936 (2006). Communication within the meaning of RCW 9.68A.090 includes "'conduct as well as words.'" *Hosier*, 157 Wn.2d at 11 (referring to former RCW 9.68A.090 (2003)) (quoting *State v. Pietrzak*, 100 Wn. App. 291, 294-95, 997 P.2d 947 (2000)). In addition, communication with a minor for immoral purposes is a felony where the communication occurred through electronic means. RCW 9.68A.090(2).

B. APPLICATION

As an initial matter, Guillermo misidentifies the conduct that served as the basis for his communication with a minor for immoral purposes conviction. The misconduct alleged to support the charge was the video call during which Guillermo masturbated, not the messages in which Guillermo complimented CJ's appearance and told her that he wanted a future romantic relationship with her. Thus, Guillermo's reliance on *Luther* to support his argument that the State failed to present sufficient evidence to sustain his conviction is misplaced.

In *Luther*, the defendant, who was 16 years old, engaged in sexual acts with a girl who was his same age. 65 Wn. App. at 425. Prior to these acts, Luther asked the girl whether she was going to perform them as she had previously offered. *Id.* We held that because the communications at issue would be legal if performed, and they involved a consensual sexual act between two minors, the statute proscribing communication with a minor for immoral purposes was inapplicable to the charged conduct. *Id.* at 427-28. We explained that "[a]lthough it is rational to prohibit certain

communications designed to further conduct that will be illegal if performed, or that will breach the peace, there can be no rational reason for prohibiting communications about peaceful, consensual conduct that will itself be legal if performed." *Id.*

Here, the jury was presented with evidence that Guillermo, during a video call with CJ, exposed himself and masturbated during the call. The State expressly relied on this conduct to support the communication charge. The video call is a type of communication that falls within the scope of conduct proscribed under RCW 9.68A.090. *See Hosier*, 157 Wn.2d at 11.

Unlike the consensual and lawful conduct at issue in *Luther*, Guillermo's nonconsensual act of redirecting the position of his camera at the end of the video call to expose his erect penis to CJ while masturbating is the type sexual misconduct undertaken for the gratification of another that the statute forbids. *See Id.* at 10. This nonconsensual conduct is distinct from the sexual acts involved in *Luther*. *See* 65 Wn. App. at 427-28. The evidence is sufficient to sustain Guillermo's communication with a minor for immoral purposes conviction.

CONCLUSION

We hold that the trial court did not abuse its discretion when it admitted evidence of various electronic messages that Guillermo sent to CJ, and we also hold that the State presented sufficient evidence to sustain Guillermo's conviction of communication with a minor for immoral purposes.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, J.

SUTTON, A.C.J.