[No. 45614.   En Banc.   May 3, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. THEODORE SCHIMMELPFENNIG, *Appellant.*

*Ken Williams* (of *Johnson & Williams*), for appellant.

*Craig A. Ritchie, Prosecuting Attorney,* and *David H. Bruneau, Deputy,* for respondent.

HOROWITZ, J.—The principal issue here is the constitutionality of RCW 9A.88.020, which prohibits communication with a minor for immoral purposes. Defendant was convicted under this statute following a trial by jury. The jury also found defendant had previously been convicted of the same crime, thus escalating the offense from a gross misdemeanor to a class C felony. Defendant appeals his conviction, raising a series of issues relating to the conduct of the trial as well as the construction and constitutionality of the statute. Having considered defendant's arguments, we hold the statute is constitutional and that the court below committed no reversible error. We therefore affirm the judgment.

On an April day in 1977 defendant Schimmelpfennig stopped his van near a group of three young girls, aged 4, 6 and 7. He engaged the 4–year–old in conversation, attempting to lure her into his van and asking her in explicit terms to engage in various sexual acts with him. The other girls watched and warned her against getting into the van. After defendant frightened the 6–year–old by saying he was "going to get" her, the three children fled. The two older girls ran home and immediately reported the incident to their older sister. Defendant parked his van briefly in front of their home, appeared to urinate in the street, then left.

Defendant was subsequently charged under RCW 9A.88-.020 and brought to trial. The information alleged he had previously been convicted of the same crime under the old statute, RCW 9.79.130. The jury returned a verdict of guilty and a special verdict finding defendant had been

previously convicted of the same crime. Defendant's contentions include a claim that RCW 9A.88.020 under which he was convicted is unconstitutional and that he had not been previously convicted within the meaning of the statute.

The evidence at trial included items taken from defendant's van during a consent search of the vehicle, and the testimony of the older sister regarding the two children's statements immediately following the incident. Admission of these items of evidence forms the basis for defendant's first two arguments on appeal.

## I. ADMISSION OF EVIDENCE

With defendant's consent, the investigating officer searched the van and found candy, several short lengths of rope, and small magic trick props. The defendant told the officer he used these items to entertain small children. Although there is no evidence defendant used these items to attract the three girls during the incident involved here, the State was allowed to admit the items as relevant to defendant's intent to communicate with them. Defendant argues the articles are irrelevant and unduly prejudicial. We do not agree.

The trial judge has discretion to determine the relevance of evidence offered for admission. *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 568 P.2d 764 (1977). In this case the State had to prove the defendant communicated with the girls. The evidence, along with the investigating officer's testimony, tended to show defendant's general intent to interact with small children. Admission of the evidence for this purpose was within the trial court's discretion. The court had a right to rule that such evidence would not mislead or unduly prejudice the jury. Moreover, if erroneously admitted, the error was harmless.

Defendant also argues the trial court improperly admitted the hearsay testimony of the older sister regarding the children's statements to her about the incident. The older

girl testified that the 7–year–old ran into the house immediately after the incident and told her what the defendant had said to the little 4–year–old. Her testimony included the names of the sexual activities defendant had suggested. Although defendant objected to admission of these hearsay statements, the trial court admitted them on the ground they were part of the res gestae. Defendant now argues the res gestae exception to the rule against hearsay does not apply. Again, we do not agree.

■ The res gestae exception, more properly called the "excited utterance" exception,[1] admits statements made while the declarant is under the exciting influence of an event, where the circumstances show no opportunity for deliberation and fabrication. The elements of the exception are set out in *Johnston v. Ohls,* 76 Wn.2d 398, 405, 457 P.2d 194 (1969). *See also Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022 (1939). The circumstances of this case fall well within the exception. Defendant argues, however, that since the 7–year–old was allowed to testify at trial herself, her sister's testimony as to the statements was inadmissible. The argument is without merit. Inability of the declarant to testify is not one of the elements of the exception. Furthermore, we see no reason why statements otherwise admissible as excited utterances should be barred when corroborating the testimony of another witness. We note the Court of Appeals of this state has approved the use of this exception to admit corroborating testimony. *See State v. Canida,* 4 Wn. App. 275, 480 P.2d 800 (1971). *See also State v. Bloomstrom,* 12 Wn. App. 416, 419, 529 P.2d

---

[1]The traditional name "res gestae" has been criticized by courts and commentators as misleading. As noted by the Court of Appeals of this state: "The label 'res gestae' is confusing . . . as it does not demonstrate correctly the reasons for the rule. The term 'excited utterance' more clearly represents the reason for the exception and should be used." (Footnote omitted.) *State v. Canida,* 4 Wn. App. 275, 277–78, 480 P.2d 800 (1971) (considering objections to the term by both Wigmore and McCormick). We agree that the term "excited utterance" is preferable in denoting this exception to the rule against hearsay.

1124 (1974). We find no error in the admission of the testimony here.

## II. INSTRUCTIONS TO THE JURY

Defendant assigns error to the court's instructions defining the terms "communicate" and "immoral purposes" on the ground these statutory terms are not defined elsewhere in the code or in the case law. The text of the instructions given is set out in the margin.[2] Defendant argues that by giving these defining instructions, and failing to give his proposed instruction stating generally the First Amendment protection of freedom of speech,[3] the court denied him an opportunity to argue his theory of the case to the jury.

A trial judge may exercise discretion in determining whether words used in instructing the jury require definition. *Seattle v. Richard Bockman Land Corp.*, 8 Wn. App. 214, 217, 505 P.2d 168 (1973). Here, the defining instructions given by the court are neither erroneous nor misleading in the context of the facts of the case. Thus the court did not abuse its discretion.

As discussed below, we hold that the term "immoral purposes" as used in the statute refers specifically to sexual misconduct. The language of the instruction given by the court below is broader in scope, defining the term *generally* "as hostile to the welfare of the general public and contrary to good morals." While the instruction could have been more narrowly stated it could not have misled the jury in the context of the facts of this case. We conclude it was not prejudicial error to give this instruction to the jury. Furthermore, as discussed below, the term "communicate"

---

[2]Instruction No. 6: "The word 'communicate', includes course of conduct or the spoken word."

Instruction No. 7: "The words 'immoral purposes' are defined generally as that which is hostile to the welfare of the general public and contrary to good morals."

[3]Defendant's Proposed Instruction No. 5: "The Constitution of the United States of America and the State of Washington provide that no law shall be made abridging the freedom of speech."

includes both course of conduct and the spoken word. Thus the instruction defining this term accurately stated the law.

■ Nor did the court err in refusing defendant's proposed First Amendment instruction. The State may legitimately prohibit speech of a harmful sexual nature to minors, even where that speech is protected by the First Amendment with regard to adults. *Ginsberg v. New York*, 390 U.S. 629, 20 L. Ed. 2d 195, 88 S. Ct. 1274 (1968). *See also, F.C.C. v. Pacifica Foundation*, 438 U.S. 726, 748–50, 57 L. Ed. 2d 1073, 98 S. Ct. 3026, 3040–41 (1978). Since we conclude the statute here prohibits only that speech which is directed toward sexual misconduct, as discussed below, defendant had no valid First Amendment defense.

Defendant also contends the court erred in refusing his proposed cautionary instruction regarding the weight to be accorded a child's testimony. We note the court did instruct the jury on its proper role in evaluating the credibility of witnesses in instruction No. 9, to which defendant makes no objection. The proposed instruction, on the other hand, would have remarked on the "tendency of . . . children to imagine, misunderstand, and fabricate." The court recognizes there are unique problems for counsel and the jury in examining and evaluating the testimony given by young children. *See State v. Galbreath*, 69 Wn.2d 664, 419 P.2d 800 (1966). *See also,* C. Stafford, *The Child as a Witness*, 37 Wash. L. Rev. 303 (1962). The proposed instruction, however, would have invaded the province of the jury in evaluating the testimony by allowing the judge to effectively comment on the evidence. The instruction was properly refused.

III. CONSTITUTIONALITY OF RCW 9A.88.020

The statute under which defendant was convicted provides:

Chapter 9A.88
PUBLIC INDECENCY—PROSTITUTION—SEX CRIMES
9A.88.020 Communication with a minor for immoral purposes. Any person who communicates with a child

under the age of seventeen years of age for immoral purposes shall be guilty of a gross misdemeanor, unless such person has previously been convicted of a felony sexual offense or has previously been convicted under this section or RCW 9.79.130, in which case such person shall be guilty of a class C felony. [1975 1st ex.s. c. 260 § 9A.88-.020.]

Defendant contends this statute is unconstitutionally vague. He points particularly to the words "immoral purposes" and "communication" as insufficient to provide ascertainable standards to guide conduct. He further contends the statute is overbroad in that it may on its face prohibit speech which is protected by the First Amendment.

■ In determining the constitutional adequacy of a criminal statute subject to a vagueness attack this court will look at the whole statute in the context in which it appears in the criminal code. *See State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977). The vagueness standard we applied in *Carter,* which is also applicable here, is whether persons of common intelligence and understanding have fair notice of the conduct prohibited, and ascertainable standards by which to guide their conduct.

■ The statute attacked here is the first provision in a chapter which prohibits conduct relating to exposure of the person, prostitution, and certain indecent liberties. Thus, structure of this chapter of our criminal code gives ample notice of the legislature's intent to prohibit sexual misconduct. This commonsense understanding of the intent of the statute is reinforced by the language of RCW 9A.88.020 itself, which escalates the misdemeanor to a felony where the defendant has previously been convicted of a felony *sexual* offense. The scope of the statutory prohibition is thus limited by its context and wording to communication for the purposes of sexual misconduct.

In *State v. Galbreath, supra,* the court considered a vagueness challenge to the words "indecent" and "obscene" in a criminal statute protecting children. We said there:

> In our view, further and more detailed legislative delineation of the particular misconduct [prohibited by the statute] . . . is neither dictated by any flux in social values nor otherwise constitutionally required. We are satisfied that any person of common understanding, contemplating a lewd exhibition of the private parts of his or her person before a child under the age of 15 years, need not guess nor speculate as to the proscription and penalties of the statute as it is presently written.

*State v. Galbreath, supra* at 668–69. Here we also satisfied that any person of common understanding, contemplating asking a small child to climb into a van and engage in sexual activities need not guess as to the proscription and penalties of the statute. We therefore conclude the words "immoral purposes" in this statute are not unconstitutionally vague.

Moreover, since the only language prohibited by the statute is language directed toward sexual misconduct with a minor it is not protected by the First Amendment, and the statute is not overbroad. As noted above, the State has a strong interest in protecting children against exposure to sexual speech which may be harmful. *Ginsberg v. New York, supra.* Speech directed at engaging minors in acts of sexual misconduct is therefore subject to regulation by the State, even though the words, spoken to an adult, may not be obscene. In this case, of course, the words spoken to the 4–year–old in an attempt to lure her into sexual acts with defendant were patently obscene. But even if the words spoken had not been obscene when spoken to an adult, they would nonetheless be subject to regulation under the State's compelling interest in protecting children.

Defendant also contends, however, that the word "communicate" is vague and that its presence in the statute renders it unconstitutionally vague. This argument is not persuasive. The word "communicate" is one of common usage. It denotes both a course of conduct and the spoken word. *State v. Rahn,* 1 Wn. App. 159, 161, 459 P.2d 824 (1969). In the context of this statute, any spoken word or

course of conduct with a minor for purposes of sexual misconduct is prohibited. A person of common intelligence and understanding has fair notice of the conduct prohibited by RCW 9A.88.020, and ascertainable standards by which to guide his or her conduct. The statute is neither vague nor overbroad.

## IV. PREVIOUS CONVICTION

As noted above, RCW 9A.88.020 defines the offense as a felony when the defendant "has previously been convicted of a felony sexual offense or . . . under . . . RCW 9.79.130" (the prior statute prohibiting communication with a minor for immoral purposes). In 1974 defendant was charged with a violation of RCW 9.79.130 and pleaded guilty. He was granted probation for a period of 6 months and was never sentenced. At trial for the instant offense, the jury returned a special verdict finding defendant had previously been convicted of the crime of communication with a minor for immoral purposes. Defendant contends, however, that a plea of guilty followed by a grant of probation is not a previous conviction within the meaning of the statute. We cannot agree.

A plea of guilty to a criminal offense is a confession of guilt whose result is equivalent to conviction. *Woods v. Rhay,* 68 Wn.2d 601, 414 P.2d 601 (1966). The defendant pleading guilty acknowledges full responsibility for the legal consequences of his guilt. *State v. Pringle,* 83 Wn.2d 188, 517 P.2d 192 (1973). A plea of guilty should thus be treated no differently than a jury verdict upon a subsequent charge of criminal behavior for the purpose of determining whether there has been a prior conviction for a related offense.

Defendant contends, however, that a defendant has not been "previously convicted" when granted probation or a suspended or deferred sentence. He relies on *State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970), which held that a prior deferred or suspended sentence is not a conviction for the purpose of the habitual offender statute

because it does not impose the reformative atmosphere of prison. We considered the rationale of *Mitchell* as applied to the deadly weapon statute, RCW 9.95.040, in *Hokama v. Johnson,* 89 Wn.2d 580, 574 P.2d 379 (1978). We held there that the *Mitchell* reasoning was inapplicable, and that sufficient opportunity for reformation was offered by a deferred or suspended sentence, so that such a sentence qualifies as a prior conviction for purposes of the statute there.

Defendant here was placed on probation for having committed the crime defined in RCW 9.79.130. In 1977 he committed the same offense. The statute contemplates that persons guilty of committing this crime more than once shall be punished as felons. We see no reason why a completed period of probation should be treated any differently than a suspended sentence, or, indeed a sentence of imprisonment in this regard. Certainly each alternative presents an opportunity for reform under circumstances which are believed to be optimal in light of all the facts of the particular case. We hold that a plea of guilty followed by a period of probation is a prior conviction within the meaning of RCW 9A.88.020.

Defendant's final contention, that there was insufficient evidence to submit the case to the jury, is without merit. Under the rule of *State v. Galbreath, supra,* the uncorroborated testimony of the complaining witness in a prosecution for a sex offense against a child is sufficient to send the case to the jury. In this case the testimony of two of the three victims was corroborated by that of the older sister. The court committed no error in submitting the case to the jury.

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.