66 P.3d 1095 (2003)
STATE of Washington, Respondent,
v.
Johnie Edward GLADDEN, Appellant.
No. 20804-4-III.
Court of Appeals of Washington, Division 3, Panel Ten.
March 6, 2003.
Publication Ordered April 22, 2003.
*1096 Clarke W. Tibbits, Wenatchee, WA, for Appellant.
Eric Biggar, Deputy Prosecuting Attorney, Waterville, WA, for Respondent.
KURTZ, J.
Johnie Gladden appeals his felony conviction of communication with a minor for immoral purposes under RCW 9.68A.090, which requires proof of a prior conviction for a felony sex offense. Mr. Gladden contends the court abused its discretion by admitting evidence of his prior conviction for a felony sex offense when he was willing to stipulate to that element to avoid having this evidence introduced to the jury. Mr. Gladden also asserts that the court erred by rejecting his proposed jury instruction as to the definition of "immoral purposes." Lastly, Mr. Gladden contends his trial counsel was ineffective because he failed to (1) make proper objections, (2) question one witness about statements allegedly made by Mr. Gladden, and (3) call two exculpatory witnesses. We affirm Mr. Gladden's conviction.

FACTS
Johnie Gladden was charged with one count of felony communication with a minor for immoral purposes under RCW 9.68A.090. To obtain a felony conviction under this statute, the person charged must have a prior conviction for a felony sex offense. RCW 9.68A.090.
At trial, Mr. Gladden brought a motion in limine and offered to stipulate to delete the statutory element of the offense requiring proof of a prior conviction so that the jury would not hear any evidence related to that element of the crime. Concluding that the jury was entitled to make a determination on each element of the crime charged, the trial court denied this motion and allowed a certified copy of the judgment and sentence of the prior conviction to be introduced.
The State called the victim, C.S., as a witness. Ms. S. testified as to her experiences with Mr. Gladden that served as the basis for the charge against him. She also testified that she later confided in a family friend who called her stepfather. Ms. S.'s mother and stepfather later met with Mr. Gladden at his home to ask him about Ms. S.'s accusations. Both the mother and the stepfather testified that, when confronted, Mr. Gladden admitted what he had done and demonstrated how he had touched Ms. S.
Mr. Gladden's attorney called only two witnesses, Mr. Gladden's stepdaughter, D.T., and Mr. Gladden's wife, Susan Gladden. Defense counsel intended to ask Ms. Gladden what her husband said during the meeting with Ms. S.'s mother and stepfather. However, the State moved to exclude such testimony by Ms. Gladden as hearsay. The court granted the State's motion but indicated that defense counsel could question Ms. Gladden as to whether she was present at the meeting and what she observed about the demeanors of the various participants.
Defense counsel offered a jury instruction that read: "[I]mmoral purposes is defined as illegal and immoral purposes of a sexual nature or illegal sexual misconduct." Report of Proceedings (RP) at 236. Instead, the court accepted the State's proposed instruction and instructed the jury that "immoral purposes" is defined as "immoral purposes of sexual misconduct." RP at 243.
Mr. Gladden was found guilty and sentenced to 10.5 months incarceration. He appeals.

ANALYSIS
Failure to Accept Stipulation. Evidence of other crimes, wrongs, or acts is generally not admissible to prove the character of the defendant in order to show action in conformity therewith. ER 404(b); State v. Powell, 126 Wash.2d 244, 258, 893 P.2d 615 (1995). We apply the abuse of discretion standard when reviewing a trial court's decision to admit evidence after the court has balanced the probative value against the danger of unfair prejudice. State v. Rice, 48 Wash.App. 7, 11, 737 P.2d 726 (1987). An abuse of discretion exists when the trial court's exercise of its discretion is manifestly *1097 unreasonable or based upon untenable grounds or reasons. State v. Stenson, 132 Wash.2d 668, 701, 940 P.2d 1239 (1997).
However, to prove the felony charge of communication with a minor for immoral purposes, the State had to establish that Mr. Gladden had previously been convicted of a felony sex offense. RCW 9.68A.090. Mr. Gladden offered to stipulate to delete that statutory element of the offense requiring proof of a prior conviction to prevent the jury from hearing any evidence related to that element of the crime. Relying on Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), Mr. Gladden contends the trial court erred by disallowing the offered stipulation and allowing the prior conviction into evidence. The trial court did not err because Old Chief is distinguishable.
Old Chief involved a prosecution for several crimes, including unlawful possession of a firearm by a convicted felon. The prosecutor rejected the defendant's offer to stipulate to a previous felony conviction, and this refusal was upheld on appeal. Id. at 174, 117 S.Ct. 644. In reversing, the Old Chief court acknowledged that the standard rule that "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." Id. at 183, 117 S.Ct. 644. However, the Old Chief court concluded that the trial court abused its discretion when the trial judge "spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." Id. at 174, 117 S.Ct. 644.
Similarly, State v. Johnson, 90 Wash.App. 54, 950 P.2d 981 (1998) involved a prosecution for two assaults and for unlawful possession of a firearm by a convicted felon (RCW 9.41.040(1)). Relying on Old Chief, the Johnson court held that the trial court erred in admitting a prior rape conviction to prove the element of a past felony conviction when Mr. Johnson proffered a stipulation to that effect. Johnson, 90 Wash.App. at 62-63, 950 P.2d 981.
Old Chief and Johnson are distinguishable because Mr. Gladden did not offer to stipulate that he had a prior conviction for a felony sex offense. Instead, Mr. Gladden offered to delete any reference to a statutory element that required proof of a prior conviction for a felony sex offense. Under these circumstances, the trial court did not err by admitting the certified copy of the judgment and sentence related to the prior conviction.
Immoral Purposes Instruction. The court instructed the jury that: "Immoral purposes is defined as immoral purposes of sexual misconduct." Clerk's Papers (CP) at 29, Instruction No. 6.
The court declined to give Mr. Gladden's proposed Instruction No. 3, which stated that: "Immoral purposes is defined as illegal and immoral purposes of a sexual nature or illegal sexual misconduct." CP at 20.
Mr. Gladden contends the court's instruction is unconstitutionally vague and failed to provide an ascertainable standard by which the jury could evaluate the alleged misconduct. This argument is without merit. In State v. McNallie, 120 Wash.2d 925, 933, 846 P.2d 1358 (1993), the court upheld an instruction identical to the one given here. The court determined that the application of the Schimmelpfennig[1] analysis satisfied the vagueness protections. McNallie, 120 Wash.2d at 933, 846 P.2d 1358. According to McNallie, Schimmelpfennig "expressly rejected a detailed delineation of the requisite misconduct and led to a holding that `sexual misconduct' was a sufficient context for the `immoral purposes' contemplated by the communications with a minor statute." McNallie, 120 Wash.2d at 932-33, 846 P.2d 1358 (citing State v. Schimmelpfennig, 92 Wash.2d 95, 103, 594 P.2d 442 (1979)).
Ineffective Assistance of Counsel. To succeed on his claim of ineffective assistance of counsel, Mr. Gladden must establish that (1) his counsel's performance fell below an objective level of reasonableness; and (2) his counsel's errors prejudiced the result of the *1098 proceeding, rendering it unreliable. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A counsel's performance is not deficient if it concerns trial strategy or tactics. State v. Hendrickson, 129 Wash.2d 61, 77-78, 917 P.2d 563 (1996). Moreover, there is a strong presumption that counsel has rendered adequate assistance and has made all significant decisions in the exercise of reasonable professional judgment. State v. Glenn, 86 Wash.App. 40, 45, 935 P.2d 679 (1997), review denied, 134 Wash.2d 1003, 953 P.2d 96 (1998). Once the defendant has established that counsel's representation fell below the objective standard, the defendant must meet the second prong by showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have differed. State v. Lord, 117 Wash.2d 829, 883-84, 822 P.2d 177 (1991).
Failure to object to witness's statement. At one point, the prosecutor asked Ms. S. questions as to when Mr. Gladden moved to the Wenatchee area. The exchange went as follows:
Q: Okay. When you moved to Wenatchee in January of 2001, at that point in time where were the Gladdens living, if you know?
A: I'm not sure. I think it was in Okanogan.
Q: Okay. Did you, did your families lose contact with each other?
A: No.
Q: Okay. So did they move at the same time that you guys moved over to the Wenatchee area?
A: No. I think he moved when he got out of prison.
Q: When you moved over to Wenatchee, were you attending school?
A: Yes.
RP at 58.
Mr. Gladden contends his trial counsel was ineffective because he failed to object to this evidence and failed to ask for a limiting instruction. Mr. Gladden argues that the jury was left with the impression that he had two prior convictions.
Defense counsel's failure to object to this one statement by Ms. S. does not fall below the objective standard of reasonableness. Taking into account the exchange as a whole, counsel may have decided that an objection would draw attention to the information he sought to exclude. In short, the failure to object can be described as a legitimate trial tactic. Moreover, even if we assume this decision did fall below the objective standard of reasonableness, it is highly unlikely that, but for counsel's error, there is a reasonable probability that the result would have been different.
Testimony of Ms. Gladden. Mr. Gladden next contends his counsel was ineffective when questioning Ms. Gladden. Specifically, Mr. Gladden contends defense counsel should have questioned Ms. Gladden to ascertain that she was present during the meeting where Mr. Gladden allegedly confessed and that she did not hear him make any admission.
Even if we assume that Ms. Gladden would have testified in this manner and that this testimony was not hearsay, it is difficult to see how this testimony would be of much assistance to Mr. Gladden. Ms. Gladden also testified that she was in the room during the meeting, but that she left the room to get her daughter out of the bathtub, towel her off, and take her to her bedroom. Based on this record, Mr. Gladden has failed to show how defense counsel's questioning of Ms. Gladden fell below the objective standard or resulted in any prejudice to Mr. Gladden.
Failure to call two exculpatory witnesses. Mr. Gladden also maintains that trial counsel failed to call two exculpatory witnesses. In his opening brief, Mr. Gladden asserts that Cheryl McMillan and Steven McMillan were eyewitnesses to the alleged events. Specifically, Mr. Gladden asserts that Mr. McMillan would have testified that he was in the garage with Mr. Gladden and the victim at all times when the alleged incidents occurred and that Mr. Gladden did not commit the alleged acts.
However, Mr. Gladden did not file a motion for additional evidence with his opening brief or submit affidavits from these witnesses *1099 detailing their testimony. In his reply brief, Mr. Gladden requests that this court consider additional evidence but again does not submit affidavits or otherwise describe the testimony to be obtained from these potential witnesses. See State v. King, 24 Wash.App. 495, 500, 601 P.2d 982 (1979). Mr. Gladden has the burden of showing that trial counsel's representation fell below the objective standard. He has failed to meet this burden.
We affirm Mr. Gladden's conviction.
WE CONCUR: BROWN, C.J., and KATO, J.
NOTES
[1] State v. Schimmelpfennig, 92 Wash.2d 95, 594 P.2d 442 (1979).