# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

PAUL ASHTON HOLLINGWORTH,

Appellant.

No. 71614-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 27, 2015

LEACH, J. — Paul Ashton Hollingworth appeals his conviction for two counts of communicating with a minor for immoral purposes. He claims that the prosecutor committed misconduct by writing "confession" at the top of a PowerPoint slide shown to the jury and by improperly appealing to the jury's emotions rather than reason during closing argument. In a statement of additional grounds for review, Hollingworth makes additional claims, including a constitutional vagueness challenge to the statute under which he was convicted.

Because the trial court offered a curative instruction, Hollingworth cannot show prejudice from the PowerPoint slide. And the context of the prosecutor's closing argument shows that she did not appeal to the passions and prejudices of the jury but asked it to review the evidence and reach a conclusion based on that evidence. As a result, Hollingworth's prosecutorial misconduct claims fail, as does his claim of cumulative misconduct. The Washington Supreme Court has rejected Hollingworth's constitutional challenge to RCW 9.68A.090. And because Hollingworth bases the remaining issues raised in his statement of

additional grounds on facts or evidence not in the record, we decline to review them. We affirm.

## Background

Hollingworth entered online chat rooms and engaged "Ashton Michaels" in chats on September 30, 2011, January 12, 2012, February 14, 2012, and February 28, 2012. Renton police officer Ryan Rutledge had created Ashton, posing as a 12-year-old girl living in Renton and creating the username "sounderchick12." Ashton repeatedly referenced her age while chatting with Hollingworth. During Hollingworth's chats with Ashton, he discussed sexual acts, sent photos of himself naked, and sent a live video of himself masturbating. Hollingworth also requested a photo of Ashton, and Rutledge sent him a photo of a clothed undercover police officer who appeared young and who had consented to participate.

On February 28, 2013, Renton police arrested Hollingworth and seized his computer. The State charged Hollingworth with two counts of communicating with a minor for immoral purposes.

At trial, the State played an audio recording of Rutledge's interrogation of Hollingworth after his arrest. Hollingworth also wrote a signed statement that Rutledge read to the jury:

> I admit to talking to someone over the Internet whom was not at the age of consent about indecent proposals. I infrequently use the Internet for lewd picture exchange & chat. I have never pursued anyone from the Internet, let alone a minor. I only chatted with them after because they kept pursuing me months later and I had forgotten who they were. I chatted with them after they said they

were 13 as a joke. I run into a lot of people that present to be someone, and I was not interested in them because of their age. I thought they were another fake so I "messed around." I have 2 children, have been a youth sports official since 16, and only have the best recommendations of conduct involving minors. Everyone on the Internet says things that aren't true, and I had thought this was just another. I, upon reviewing the chats were disgusted, and do not carry over that attitude. I realized that "getting my rocks off" while chatting to ANYONE, that would, and I've chatted with 10 screens at once, not caring who it was, just the interaction.

The State's PowerPoint slide containing this statement shown to the jury as Rutledge read it included the word "confession" written in the upper left-hand corner. Afterward, outside the presence of the jury, Hollingworth objected, moved to strike, and argued that the State was commenting on and characterizing the evidence. The trial court granted Hollingworth's motion and instructed the jury that "the document that you previously viewed on the screen was intended to be a visual aid only. Exhibit 7 is the admitted evidence and anything inconsistent, you must disregard." The State described the statement as a "confession" during its closing argument.

During the State's closing argument, the prosecutor quoted part of what Hollingworth said during his interrogation: "I know it's not comfortable to sit here and do it, but it's kind of a wake-up call too just as to how kind of sick it is. Not in the moment, because when you're in the moment, you're like oh, hey, I'm just— it's kind of stomach turning." The prosecutor also stated during closing that "ultimately there are only two counts charged and five incidents to choose from, so you get to decide which chats perhaps you find the most offensive and would like to have him found guilty of." At the end of the State's closing argument,

outside the presence of the jury, Hollingworth objected and moved for mistrial. He claimed that the prosecutor's comment pitted an officer's credibility against his own and identified additional errors, including the State's violation of pretrial orders and writing "confession" on the PowerPoint slide, that cumulatively warranted a mistrial. The trial court denied the motion.

A jury found Hollingworth guilty as charged. Hollingworth appeals.

Analysis

Hollingworth claims prosecutorial misconduct denied him a fair trial. This court reviews a claim of prosecutorial misconduct under an abuse of discretion standard.[1] We evaluate the propriety of the prosecutor's conduct and, if improper, whether that conduct prejudiced a defendant, reviewing a prosecutor's statements in the context of the entire case.[2] To show prejudice, a defendant must demonstrate a substantial likelihood that the prosecutor's misconduct affected the outcome of the trial.[3] Where a defendant fails to object to the challenged conduct, the defendant must show that conduct was so flagrant and ill intentioned that a jury instruction could not have cured any resulting prejudice.[4] A prosecutor's misconduct may deny a defendant his or her constitutional right to a fair trial.[5]

---

[1] State v. Ish, 170 Wn.2d 189, 195-96, 241 P.3d 389 (2010).
[2] State v. Thorgerson, 172 Wn.2d 438, 442-43, 258 P.3d 43 (2011).
[3] In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 704, 286 P.3d 673 (2012).
[4] Thorgerson, 172 Wn.2d at 443 (quoting State v. Russell, 125 Wn.2d 24, 86, 882 P.2d 747 (1994)).
[5] Glasmann, 175 Wn.2d at 703-04.

First, Hollingworth contends that the prosecutor committed misconduct by including the word "confession" on the PowerPoint slide containing Hollingworth's statement that was shown to the jury. He argues that the label "confession" communicated to the jury the prosecutor's belief in Hollingworth's guilt and weakened Hollingworth's argument that this statement was not a confession and that he didn't believe he was engaging with a minor. The State responds that the prosecutor simply labeled the slide to distinguish it from other evidence, rather than present images found improper in Glasmann.[6]

A prosecutor may not submit evidence to the jury not admitted at trial.[7] When a reasonable ground exists to believe that reference to unadmitted evidence prejudiced the defendant, the jury's verdict may not stand.[8] In Glasmann, the court found misconduct where the State presented multiple PowerPoint slides of the defendant's booking photograph, one with the word "guilty" written across it three times in red capital letters and another with the caption, "WHY SHOULD YOU BELIEVE ANYTHING HE SAYS ABOUT THE ASSAULT?"[9] The court held that the prosecutor presented unadmitted evidence to the jury by showing it these modified photographs.[10] It found that this, combined with the prosecutor's expression of personal opinion, prejudiced the defendant and that no instruction could have cured this prejudice.[11]

---

[6] In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 286 P.3d 673 (2012).
[7] Glasmann, 175 Wn.2d at 705.
[8] Glasmann, 175 Wn.2d at 705.
[9] Glasmann, 175 Wn.2d at 702, 706.
[10] Glasmann, 175 Wn.2d at 706.
[11] Glasmann, 175 Wn.2d at 706-08.

While the prosecutor did not alter an admitted exhibit as dramatically as in Glasmann, she improperly showed the jury a modified exhibit. However, Hollingworth must also demonstrate prejudice. The trial court immediately instructed the jury that the prosecutor's PowerPoint slides were only a visual aid not to be considered evidence. And the trial court further instructed the jury that it was not to consider the lawyer's statements as evidence, that it was only to consider evidence the trial court admitted, and that only that evidence would go back with them to the jury room. Because the court's curative instruction adequately obviated any potential prejudice, Hollingworth cannot show that the outcome of the trial would have been different but for the prosecutor's error, and his argument fails.

Hollingworth next argues that the prosecutor committed more misconduct with her statements in closing argument "designed to prejudice the jury against Hollingworth by appealing to jurors' emotions rather than reason." Prosecutors have wide latitude during closing argument to draw reasonable inferences from the evidence.[12] But references to evidence not in the record and appeals merely to the jury's passion and prejudice constitute misconduct.[13] A prosecutor represents the people in a quasi-judicial capacity and must temper courtroom zeal in fairness to the defendant.[14]

---

[12] In re Pers. Restraint of Yates, 177 Wn.2d 1, 58, 296 P.3d 872 (2013).
[13] State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009).
[14] Thorgerson, 172 Wn.2d at 443.

Hollingworth argues that the prosecutor's comments during closing asked the jury to reach a verdict based on its feelings about the acts rather than on the evidence. The State responds that the context makes clear that the prosecutor was simply quoting Hollingworth's statement to Rutledge. Indeed, the prosecutor quoted exactly the same statement Hollingworth made during interrogation. She did this while arguing that this and other statements Hollingworth made during interrogation, admitted at trial, showed that he knew Ashton was a minor. Because the prosecutor argued a reasonable inference from the evidence, including Hollingworth's statement, the challenged argument does not constitute misconduct.

Hollingworth next contends that the prosecutor merely appealed to the jury's emotions when she argued that "you get to decide which chats perhaps you find the most offensive and would like to have him found guilty of." The State responds that the context of this argument makes clear that the prosecutor appealed to reason and not merely the jury's passion.

At the point in her closing argument when the prosecutor made this statement, she was explaining jury instruction 11. This instruction informed the jury that when the evidence shows that a defendant committed several distinct criminal acts but the State charged the defendant with only one count of criminal conduct and does not elect which act it will rely on for conviction, the court must instruct the jury that all jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt. The prosecutor here explained

that the jurors needed unanimity on the act they understood to support each count and how the instruction worked. She then made the challenged statement. But immediately afterward she pointed out the pivotal issue in the case: did Hollingworth believe he was talking to a minor at the time of each act? She then explained how the evidence showed that he did: "And the best evidence of that is his conduct, is his words. . . . So you'll be able to go through the chats and his oral statement and his written statement yourself." The prosecutor then explained why certain evidence supported the charged offenses, concluding that "[a]t the end of the day, the Defendant's own words and conduct are the proverbial smoking gun."

Thus, the context of the prosecutor's argument makes clear that she did not encourage the jury to find Hollingworth guilty simply because the jury found certain acts offensive. Rather the prosecutor, in explaining instruction 11, encouraged the jury to look at the issue and then at the evidence to reach a guilty verdict. Because the prosecutor did not appeal to the jury's passions or prejudices with this argument, she did not commit misconduct.

Hollingworth argues that the cumulative effect of prosecutorial misconduct requires reversal. Where "repetitive prejudicial prosecutorial misconduct may be so flagrant that no instruction or series of instructions can erase their combined prejudicial effect," this cumulative effect may constitute reversal.[15] But here,

---

[15] Glasmann, 175 Wn.2d at 707 (quoting State v. Walker, 164 Wn. App. 724, 737, 265 P.3d 191 (2011)).

Hollingworth has not shown any prejudicial prosecutorial misconduct, and thus this claim fails.

Hollingworth raises several issues in his pro se statement of additional grounds under RAP 10.10. We limit our review of issues raised in a statement of additional grounds to issues that inform the court of the nature and occurrence of the alleged errors.[16] We do not address issues involving facts or evidence not in the record, as those are properly brought in a personal restraint petition and not a statement of additional grounds.[17]

In his statement of additional grounds, Hollingworth asks this court to reverse based on new evidence from a polygraph test he argues exonerates him. He also argues that Rutledge falsified evidence, made a false official statement, and violated Yahoo's terms and conditions by creating a profile of a 12-year-old. But he bases these arguments on facts and evidence outside the record, and we decline to address them here.

He also raises a constitutional claim, arguing that the statute for communication with a minor for immoral purposes, RCW 9.68A.090, is unconstitutionally vague. He appears to challenge the "immoral purposes" language. But the Washington Supreme Court has addressed this issue and held that the statute is not vague because "[t]he scope of the statutory prohibition is . . . limited by its context and wording to communication for the purposes of

---

[16] State v. Calvin, 176 Wn. App. 1, 26, 316 P.3d 496 (2013), petition for review filed, No. 89518-0 (Wash. Nov. 12, 2013).
[17] Calvin, 176 Wn. App. at 26.

sexual misconduct."[18] Thus, the arguments raised in Hollingworth's statement of additional grounds fail.

Conclusion

Because Hollingworth fails to identify any prejudicial prosecutorial misconduct and his statement of additional grounds raises no meritorious issue, we affirm.

Leach, J.

WE CONCUR:

Trickey, J.

---

[18] State v. McNallie, 120 Wn.2d 925, 931-32, 846 P.2d 1358 (1993) (quoting State v. Schimmelpfennig, 92 Wn.2d 95, 102, 594 P.2d 442 (1979)).