# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of: | No. 46671-6-II |
| GARY DANIEL MEREDITH, | |
| Petitioner, | |
| | UNPUBLISHED OPINION |

MELNICK, J. — Gary Meredith petitions for relief from his convictions of rape of a child in the second degree (count I) and communication with a minor for immoral purposes (count II). We conclude that Meredith received ineffective assistance of appellate counsel who, on direct appeal, failed to assign error to the trial court granting Meredith an incorrect number of peremptory challenges. In addition, the trial court properly admitted Meredith's prior conviction to prove an element of count II, but gave an improper limiting instruction. Because we grant the petition and reverse for a new trial, we need not decide the remaining issues.

## FACTS

In 1996, Meredith was charged with rape of a child in the second degree (count I) and communication with a minor for immoral purposes (count II). We affirmed the convictions, as did the Supreme Court. *State v. Meredith*, 165 Wn. App. 704, 259 P.3d 324 (2011), *aff'd*, 178 Wn.2d 180, 306 P.3d 942 (2013), *cert. denied*, 134 S. Ct. 1329, 188 L. Ed. 2d 339 (2014).

I.    PRETRIAL MOTION AND PEREMPTORY CHALLENGES

The State moved to admit Meredith's prior convictions for rape in the third degree and assault in the third degree with sexual motivation. The State argued the convictions were admissible both as an element of communication with a minor and pursuant to ER 404(b). The prior felony conviction elevated the communication with a minor charge to a felony. Meredith argued that his prior convictions were admissible only for sentencing purposes and were inadmissible under ER 404(b). The trial court granted the State's motion, ruling that the prior convictions were admissible under both of the State's theories.

Jury selection occurred over a period of three days. Both parties requested the court seat twelve jurors and two alternates. Meredith expressed that his "strong preference" was to know who the alternates were. Report of Proceedings (RP) (May 1, 1996) at 10. The State preferred to randomly draw alternates. The trial court stated that its usual practice was to seat fourteen jurors and, prior to deliberations, draw two alternates randomly from the entire panel. Under CrR 6.4(e)(1) and CrR 6.5, each party was entitled to eight preemptory challenges. However, the court only allowed seven peremptory challenges per party, and each side exercised all seven.

II.   JURY INSTRUCTIONS AND CONVICTION

Near the close of trial, the court reviewed the parties' proposed jury instructions. Meredith's proposed instructions did not include a limiting instruction regarding the prior convictions evidence; however, he objected to the limiting instruction the State proposed because it did not sufficiently explain the purpose of the prior conviction evidence. The trial court gave the following limiting instruction to the jury:

> I would like to advise the jury that evidence that Mr. Meredith has previously been convicted of a crime is not evidence of his guilt. Such evidence may be considered by you in deciding Count II and for no other purpose.

RP (May 9, 1996) at 513.

On the final day of trial, the court excused juror 12 due to illness. Neither party objected. After closing argument, the court randomly selected and excused juror 7 as the second alternate, leaving twelve of the empaneled jurors to deliberate. On the following day, the jury convicted Meredith of both rape of a child in the second degree and communication with a minor for immoral purposes. He received a 198 month sentence.

We affirmed Meredith's convictions on appeal. *Meredith*, 165 Wn. App. 704.[1] He files this personal restraint petition (PRP) seeking relief.

ANALYSIS

I.     PERSONAL RESTRAINT PETITION STANDARD OF REVIEW

A petitioner may request relief through a PRP when he or she is under an unlawful restraint. RAP 16.4(a)-(c). "A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004) (internal quotations omitted)). The petitioner must prove the error by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). In addition, "[t]he petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations." *Monschke*, 160 Wn. App. at 488; RAP 16.7(a)(2)(i).

---

[1] None of the issues decided in this personal restraint petition were addressed in his appeal.

A PRP may be based on ineffective assistance of appellate counsel. *See In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012). If the petitioner shows prejudice in the context of an ineffective assistance of counsel claim, he or she necessarily meets the burden of showing actual and substantial prejudice for a PRP. *Crace*, 174 Wn.2d at 846-47.

In evaluating PRPs, we may "(1) dismiss the petition if the petitioner fails to make a prima facie showing of constitutional or nonconstitutional error, (2) remand for a full hearing if the petitioner makes a prima facie showing but the merits of the contentions cannot be determined solely from the record, or (3) grant the PRP without further hearing if the petitioner has proven actual prejudice or a miscarriage of justice." *In re Pers. Restraint of Stockwell*, 160 Wn. App. 172, 176-77, 248 P.3d 576 (2011).

II.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Meredith argues that he should have received eight peremptory challenges instead of the seven given to him by the trial court. For this reason, Meredith argues that he received ineffective assistance of appellate counsel who failed to raise the issue on appeal. The State argues that denial of a peremptory challenge is not of constitutional magnitude and was not structural error. It also argues that even if the error was structural, Meredith cannot demonstrate actual and substantial prejudice. We agree with Meredith. He was entitled to eight peremptory challenges and he was prejudiced when appellate counsel was ineffective for failing to raise the issue on appeal.

A.    STANDARD OF REVIEW

A petitioner raising ineffective assistance of appellate counsel on collateral review must show that (1) the legal issue that appellate counsel failed to raise had merit, and (2) actual prejudice resulted from appellate counsel's failure to raise the issue. *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 777-78, 100 P.3d 279 (2004). Failure to raise all possible nonfrivolous issues on

appeal is not ineffective assistance. *Dalluge*, 152 Wn.2d at 787. A petitioner is "actually prejudiced" by appellate counsel's failure to raise the issue if there was a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Dalluge*, 152 Wn.2d at 788.

B. MEREDITH RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In Washington, a criminal defendant is entitled to six peremptory challenges and one additional peremptory challenge for each alternate juror who is empaneled. CrR 6.4(e)(1), 6.5. Such challenges are not a constitutional right.[2] *State v. Evans*, 100 Wn. App. 757, 763, 998 P.2d 373 (2000). Peremptory challenges are a "'creature of statute.'"[3] *Rivera v. Illinois*, 556 U.S. 148, 157, 129 S. Ct. 1446, 173, L. Ed. 2d. 320 (2009) (quoting *Ross v. Oklahoma*, 487 U.S. 81, 89, 108 S. Ct. 2273, 101 L. Ed. 2d 80 (1988)). Peremptory challenges are not constitutionally protected fundamental rights; "rather, they are but one state-created means to the constitutional end of an impartial jury and fair trial." *Georgia v. McCollum*, 505 U.S. 42, 57, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992). "As such, the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides." *Ross*, 487 U.S. at 89.

Any impairment of a party's right to exercise a peremptory challenge, however, constitutes reversible error without a showing of prejudice. *State v. Vreen*, 143 Wn.2d 923, 931-32, 26 P.3d 236 (2001) (erroneous denial of a peremptory challenge is reversible error when the objectionable juror deliberates); *State v. Bird*, 136 Wn. App. 127, 133-34, 148 P.3d 1058 (2006) (erroneous

---

[2] Unless the issue involves discriminatory intent by the State, peremptory challenges do not involve a constitutional right. *State v. Meredith*, 178 Wn.2d 180, 306 P.3d 942 (2013); *State v. Saintcalle*, 178 Wn.2d 34, 309 P.3d 326 (2013).

[3] In Washington, peremptory challenges in criminal cases are governed by court rule. *See* CrR 6.4(e)(1), 6.5. Peremptory challenges in civil cases are governed by both statute and court rule. *See* RCW 4.44.130 (each party in a civil case is entitled to three peremptory challenges).

denial of a litigant's peremptory challenge cannot be harmless when the objectionable juror actually deliberates); *Evans*, 100 Wn. App. at 774 (impairment of a party's right to exercise a peremptory challenge constitutes reversible error without a showing of prejudice and harmless error analysis does not apply).

It is undisputed that Meredith was entitled to eight peremptory challenges because the trial court empaneled fourteen jurors, two of whom would be alternates. CrR 6.4(e)(1), 6.5. In Meredith's case, the trial court mistakenly gave each party seven peremptory challenges. The parties did not object to the number of challenges. Meredith expressed that his strong preference was to know who the alternates were. The State preferred to randomly draw alternates. The court stated that its usual procedure was to seat fourteen jurors and randomly draw two alternates at the end of the State's rebuttal and prior to deliberations. The parties, therefore, did not know who would end up as the alternate jurors. At the end of voir dire, Meredith and the State each exercised all seven peremptory challenges. The court excused one of the empaneled jurors because of illness and was, thus, the first "alternate" to be selected. At trial, after both sides rested, the court randomly selected the second alternate thereby leaving a panel of 12 jurors to deliberate.

The issue regarding the number of peremptory challenges has merit because Meredith had a right to an additional peremptory challenge. Based on the manner in which the trial court selected the twelve jurors who heard the case, the parties could not know who the alternate jurors were until the end of trial. Meredith has presented evidence showing that he would have exercised his eighth peremptory challenge on juror 11, 14, or 16, all of whom deliberated in this case.

Under *Vreen*, 143 Wn.2d 923, if appellate counsel had raised this issue on direct appeal, we would have reversed and remanded Meredith's case for a new trial. Therefore, we conclude that Meredith was prejudiced by appellate counsel's ineffective assistance.

6

III.     ADMISSION OF PRIOR CONVICTIONS

Meredith argues that the trial court erred by improperly admitting his prior convictions, thereby violating his right to a fair trial by an impartial jury.  He argues that the prior convictions had no material relevance or probative value in proving either rape of a child or communication with a minor, and was overwhelmingly prejudicial for the jury to hear.  We address this issue and subsequent ones because they may arise on retrial.  We conclude that the prior conviction evidence was admissible as an element of the communication with a minor charge, but that it was inadmissible under ER 404(b).

A.     STANDARD OF REVIEW

An evidentiary error, such as erroneous admission of ER 404(b) evidence, is not of constitutional magnitude.  *State v. Everybodytalksabout*, 145 Wn.2d 456, 468-69, 39 P.3d 294 (2002).  We review evidentiary rulings for an abuse of discretion.  *State v. Williams*, 137 Wn. App. 736, 743, 154 P.3d 322 (2007).  A trial court abuses its discretion when its evidentiary ruling is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.  *Williams*, 137 Wn. App. at 743.

B.     PRIOR SEX CONVICTIONS ADMISSIBLE AS AN ELEMENT

Under RCW 9.68A.090(1) and (2), a person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor, unless that person has previously been convicted of a felony sexual offense, in which case the person is guilty of a class C felony.[4]  The State must prove all of the elements of the crime beyond a reasonable doubt, including that the defendant has been previously convicted under this same section or of any other felony sex offense.  *State v. Bache*,

---

[4] Although RCW 9.68A.090 has been amended since the date of Meredith's crimes, none of the amendments are relevant to this case.

7

146 Wn. App. 897, 905-06, 193 P.3d 198 (2008); *State v. Oster*, 147 Wn.2d 141, 146, 52 P.3d 26 (2002).

Prior convictions that elevate a crime from a gross misdemeanor to a felony need to be proved to a jury. *See Blakely v. Washington*, 542 U.S. 296, 302-05, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); *State v. Roswell*, 165 Wn.2d 186, 197-98, 196 P.3d 705 (2008) (where prior conviction is an element of the crime charged, it is not error to allow jury to hear evidence on that issue). To avoid the details of the prior offense being placed before the jury, a defendant may stipulate to the predicate offense. *See Old Chief v. United States*, 519 U.S. 172, 191, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997); *State v. Gladden*, 116 Wn. App. 561, 565-66, 66 P.3d 1095 (2003).

Meredith argues that the prior felony sex convictions were overly prejudicial and should have been utilized solely for sentencing.[5] Meredith, however, conceded that the prior convictions constituted an element of the charged crime. The trial court properly ruled that the prior sex convictions were admissible as an element of the communication with a minor charge.

C.     PRIOR SEX CONVICTIONS INADMISSIBLE UNDER ER 404(b)

ER 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

---

[5] Meredith offered to stipulate to the prior convictions, but incorrectly argued that the prior convictions stipulated to should be considered by the court at sentencing, not by the jury as an element of the crime. *See Old Chief*, 519 U.S. at 177-78; *Gladden*, 116 Wn. App. at 565-66.

"The basic operation of the rule follows from its plain text: certain types of evidence (i.e. '[e]vidence of other crimes, wrongs, or acts') are not admissible for a particular purpose (i.e. 'to prove the character of a person in order to show action in conformity therewith')." *State v. Gresham*, 173 Wn.2d 405, 420, 269 P.3d 207 (2012) (quoting ER 404(b)). The same evidence may, however, be admissible for other purposes, depending on its relevance and the balancing of its probative value and danger of unfair prejudice; the list of other purposes in the second sentence of ER 404(b) is merely illustrative. *Gresham*, 173 Wn.2d at 420. The burden of demonstrating a proper purpose is on the proponent of the evidence. *State v. DeVincentis*, 150 Wn.2d 11, 17, 74 P.3d 119 (2003).

Washington courts have developed an analytical structure for the admission ER 404(b) evidence. *Gresham*, 173 Wn.2d at 421. To admit evidence of a person's prior misconduct, the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect. *State v. Vy Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

The trial court heard argument from the parties regarding the admissibility of Meredith's prior convictions under ER 404(b). The court found that Meredith's prior convictions were admissible for the purpose of showing absence of mistake because part of Meredith's defense was a denial that the crimes occurred. It also found the evidence admissible to prove preparation and plan due to the similarity between the victims, circumstances, and acts that occurred in the prior and current offenses.

In deciding the admissibility of the prior convictions under ER 404(b), the trial court took into consideration the facts underlying the prior convictions. However, the record shows that the facts underlying the convictions were not introduced as evidence. The State merely introduced the fact that Meredith had been previously convicted. While the underlying facts may have demonstrated a common scheme, preparation, or plan, the fact of conviction alone is not admissible under ER 404(b). Further, the probative value did not outweigh its prejudicial effect. *Vy Thang*, 145 Wn.2d at 642. We conclude that the trial court erred by admitting the prior conviction evidence under ER 404(b).

IV.     LIMITING JURY INSTRUCTION

Meredith argues that the trial court erred by giving an insufficient limiting instruction which failed to instruct the jury on how to apply the prior conviction evidence to the communication with a minor charge. We agree.

A.     LEGAL STANDARDS

We review the adequacy of jury instructions de novo as a question of law. *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995), *cert. denied*, 518 U.S. 1026, 116 S. Ct. 2568, 135 L. Ed. 2d 1084 (1996). Jury instructions are sufficient if they are supported by substantial evidence, allow the parties to argue their theories of the case, and when read as a whole properly inform the jury of the applicable law. *State v. Riley*, 137 Wn.2d 904, 909, 976 P.2d 624 (1999).

Once a criminal defendant requests a limiting instruction, the trial court has a duty to correctly instruct the jury, notwithstanding defense counsel's failure to propose a correct instruction. *Gresham*, 173 Wn.2d at 424. "[J]ury instructions read as a whole must make the

10

relevant legal standards manifestly apparent to the average juror." *State v. Marquez*, 131 Wn. App. 566, 575, 127 P.3d 786 (2006). A trial court is under no obligation to give inaccurate or misleading instructions. *State v. Ehrhardt*, 167 Wn. App. 934, 939, 276 P.3d 332 (2012).

B.    LIMITING INSTRUCTION WAS INSUFFICIENT

At trial, the court gave the following limiting instruction:

Evidence that the defendant has previously been convicted of a crime is not evidence of the defendant's guilt. Such evidence may be considered by you *in deciding count II* and for no other purpose.

Response to PRP (Appendix F, Instr. 14) (emphasis added).

This limiting instruction informed the jury that the sole purpose of the prior conviction evidence was to "decid[e]" count II, the communication with a minor charge. Response to PRP (Appendix F, Instr. 14). While the instruction correctly limited the consideration of the prior conviction evidence to count II, it did not further instruct the jury it could only use the fact of conviction to decide an element of the count II. We conclude the trial court erred by giving this instruction.

Because of our disposition of this case, we need not decide the remaining issues and the parties are not precluded from relitigating them if they arise again.

We grant Meredith's petition and reverse for a new trial.

11

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, J.

Maxa, A.C.J.