**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86208-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| FRANK JOSEPH SANDOVAL, | |
| Appellant. | |

FELDMAN, J. — Frank Sandoval appeals his conviction for Communication with a Minor for Immoral Purposes (CMIP). Because the facts of this case are well known by the parties, we do not repeat them here except as necessary to our analysis below. Sandoval challenges both the evidentiary and constitutional underpinnings of the conviction. Finding no error, we affirm.

**A.**     Sandoval argues there is insufficient evidence to support his CMIP conviction because the State failed to show his conduct was communication for immoral purposes of a sexual nature. When analyzing whether evidence is sufficient to uphold a jury's verdict, this court applies a deferential standard of review. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 364, 256 P.3d 277 (2011). "Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *State v. Andy*, 182 Wn.2d 294,

303, 340 P.3d 840 (2014) (quoting *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004)). Also, we defer to the jury on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *Thomas*, 150 Wn.2d at 874-75.

Here, the unchallenged jury instructions required the State to prove, "That on a specific date from on or about the 21st day of May 2021 and on or about the 19th day of October 2021, the defendant communicated with E.B. for immoral purposes of a sexual nature." The court also instructed the jury, "Communication may be by words or conduct." As no party objected to these instructions, they are "law of the case" and "'are treated as the properly applicable law for purposes of appeal.'" *State v. Johnson*, 188 Wn.2d 742, 755, 399 P.3d 507 (2017) (quoting *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005)); *see also Millies v. LandAmerica Transnation*, 185 Wn.2d 302, 313, 372 P.3d 111 (2016) ("Unless there is a proper objection, jury instructions become the law of the case. We review the sufficiency of the evidence in light of the instructions given.") (internal citations and footnote omitted).

Applying these principles, the jury's verdict is supported by sufficient evidence. Sandoval was charged with CMIP in connection with several incidents involving E.B., a 12-year-old girl who Sandoval hired to dry and label cans at the brewery he owned in Snohomish. Sandoval was able to hire E.B. because he befriended her parents, who frequented the brewery. E.B. testified Sandoval sometimes paid her while her mother was at the brewery, but he would take her to the back room—where they would be alone—to do so. She added, "he would, like, pull the waistband of my pants out and, like, stuff the cash in the waistband of my pants. But he would, like, kind of hold the waistband out for a longer time and, like,

look down in my pants. And I felt like he was looking at my underwear." E.B. also testified that when Sandoval put the money in her back pocket, rather than putting it in the waistband of her pants, "he kind of lingered his hand there." The foregoing evidence (without considering additional evidence of wrongdoing) was sufficient to show Sandoval communicated with E.B. to satisfy a sexual purpose or desire, such as to look at her underwear or touch her buttocks through her clothing.

Sandoval's contrary arguments lack merit. He argues "the inference [he] tucked money into E.B.'s waistband to see her underwear or that putting the money in her back pocket was an excuse to touch her is speculation." He also argues his conduct is less egregious than the conduct Washington Courts have "held to be sufficient to convict, all of which involved sexually explicit language or conduct." These arguments misunderstand the nature of our review for sufficiency of the evidence. "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Johnson*, 188 Wn.2d at 742 (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). And as the State correctly notes, "Just because [other] cases involved more explicit communications does not mean that no reasonable juror in this case could find the defendant's actions were sufficient to support the charge." Viewing the evidence favorably to the State and drawing all reasonable inferences in its favor, sufficient evidence supports the jury's verdict on the CMIP count.

**B.** Sandoval next argues we should reverse the CMIP conviction because the underlying criminal statute (RCW 9.96A.090) is unconstitutionally vague as applied to his conduct. "The due process vagueness doctrine seeks to ensure that the public has adequate notice of what conduct is proscribed and to

ensure that the public is protected from arbitrary ad hoc enforcement." *State v. Saunders*, 132 Wn. App. 592, 599, 132 P.3d 743 (2006). "The vagueness doctrine is violated if the provision (1) fails to define the criminal offense so that ordinary people can understand what conduct is proscribed, and (2) fails to provide ascertainable standards of guilt to prevent arbitrary enforcement." *Id*. "The party challenging the prohibition carries the burden of overcoming the presumption that the limitation is constitutional." *Id.* Also relevant here, "We review whether a statute is unconstitutionally vague de novo as a question of constitutional law." *Dep't. of Soc. & Health Servs. v. Zamora*, 198 Wn. App. 44, 71, 392 P.3d 1124 (2017) (citing *State v. Watson*, 160 Wn.2d 1, 5, 154 P.3d 909 (2007)).

*State v. Schimmelpfennig*, 92 Wn.2d 95, 594 P.2d 442 (1979), is controlling on this issue. The defendant there pointed to the words "communicate" and "immoral purposes" in the CMIP statute and argued they are "insufficient to provide ascertainable standards to guide conduct." *Id.* at 102. Our Supreme Court disagreed. Construing "immoral purposes," the court examined the "whole statute in the context in which it appears in the criminal code" and held the "structure of this chapter of our criminal code gives ample notice of the legislature's intent to prohibit sexual misconduct." *Id.* at 102. Construing "communicate," the court noted it is a term of common usage and held it "denotes both a course of conduct and the spoken word." *Id*. at 103. The court then determined, "In the context of this statute, any spoken word or course of conduct with a minor for purposes of sexual misconduct is prohibited." *Id.* at 103-04. Having so construed the statute, the court held, "A person of common intelligence and understanding has fair notice of the conduct prohibited by [the CMIP statute], and ascertainable standards by

4

which to guide his or her conduct. The statute is neither vague nor overbroad." *Id.* at 104.

Like the defendant in *Schimmelpfennig*, Sandoval argues "reasonable ordinary people would not agree" his conduct was prohibited by the CMIP statute. He also argues there is "no discernable standard" to determine whether his conduct was "predatory" or was instead "an innocent way of giving E.B. the cash she earned." Neither argument is persuasive. In *Schimmelpfennig*, our Supreme Court stated it was "satisfied that any person of common understanding, contemplating asking a small child to climb into a van and engage in sexual activities need not guess as to the proscription and penalties of the statute." *Id.* at 103. Given the facts at issue here, we are equally satisfied any person of common understanding would know isolating a 12-year-old girl from her parent in order to pull out her waistband, stuff cash into her pants, and look down at her underwear or to cause their hand to linger in her back pocket while placing cash there is prohibited by the CMIP statute as authoritatively construed in *Schimmelpfennig*. It strains credulity, under these circumstances, to argue otherwise.

Affirmed.

_Feldman, J._

WE CONCUR:

_Díaz, J._          _Coburn, J._